WILLIAM T. ANIBA, IMPLEADED ETC. v. SANFORD A. YEOMANS.

*Negotiability of promissory note—Limited indorsement.*

The usual indorsement of a negotiable promissory note binds the indorser to pay it if notified at maturity that the maker will not pay it; and it may even pass a perfect title to the indorsee and enable him to recover on it in cases where the indorser could not.

The negotiable character of a promissory note is destroyed by an indorsement by the payee transferring only his "right, title and interest" in it to another; and the latter is not a *bona fide* holder without notice of defenses thereto.

Error to Ionia.    Submitted June 13.    Decided June 21.

ASSUMPSIT.    Defendant Aniba brings error.

*Vosper Bros.* and *Mitchel & Pratt* for plaintiffs in error.

*Wm. O. Webster* and *A. B. Morse* for defendant in error.

MARSTON, J.  This case turns upon one question, viz.: whether Yeomans was a *bona fide* holder of the note in question, and this depended upon the form of the transfer of the note to him.  If he was a *bona fide* holder the matters offered in defense would not have been admissible; otherwise, they would have been.

The note was in the usual negotiable form and made payable to the order of Aniba. Before due he sold it to Yeomans, making upon the back of the note the following endorsement: "I hereby transfer my right, title and interest of the within note to S. A. Yeomans. June 14th, 1877. W. T. Aniba."

The endorsement upon a negotiable promissory note is something more than the mere transfer of the interest of the payee therein. It includes also the personal undertaking of the endorser that if the note is not paid at maturity, upon notice of that fact he will pay the same. Indeed it goes farther and may pass a perfect title to the endorsee and enable him to recover from the makers, in cases where the payee could not have recovered. The right or interest passing therefore under the usual and customary endorsement is much greater than the mere right, title and interest of the payee, and where the transfer as made only attempts to pass the title and interest of the payee of the note, no greater right or interest than he then held can pass. The transfer in this case gave Yeomans the same rights that Aniba then had, but none other or greater. Yeomans could look to the makers thereof as Aniba could have done, but beyond this he could not go. To permit him to fall back upon Aniba, or to collect from the makers, in case Aniba could not have collected, would be giving him more than Aniba's right and interest in the note. Such a transfer as was made in this case, it not being in accordance with the usual and customary method of transferring commercial paper, would throw doubt and suspicion upon the entire transaction and destroy the negotiable character of the paper. No one dealing in commercial paper would be willing to accept it afterwards with such an endorsement standing thereon.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.