[No. 14502. Department Two. — April 27, 1892.]

WILLIAM STEINHART ET AL., APPELLANTS, *v.* NATIONAL BANK OF D. O. MILLS & CO., RESPONDENT.

MONEY HAD AND RECEIVED — COLLECTION OF NOTE BY BANK — CREDIT TO INSOLVENT DEBTOR — CANCELLATION OF NOTE — PAYMENT — FINDING. — In an action against a bank to recover money alleged to have been received by the bank to and for the use of the plaintiffs, where it appears that the bank received a note from the payee for collection, and upon presentation of it for payment to the maker, who was a customer of the bank, he wrote on it, "Please charge the same to my account," but at the time had no money in the bank to his credit, and was indebted to it in a considerable sum, and the bank, supposing him to be of good credit, charged it to his account, and marked the note canceled, but afterwards, on the same day, learning that he was insolvent and had made an assignment for

the benefit of his creditors, indorsed upon the note the words "charged in error" and "canceled in error," and procured from the post-office and canceled a check which it had drawn in favor of the bank through which the plaintiffs had sent the note, — the transaction did not constitute a payment of the note, and a finding that the defendant did not receive any money or other valuable thing from the maker to and for the use of the plaintiffs, and that they have lost no rights by the acts of the defendant, is sustained by the evidence.

ID. — RESCISSION OF CONTRACT BY BANK — MISTAKE. — If it be assumed that the bank contracted with the maker to advance money to pay the note, nevertheless the bank had a right to rescind the contract on the ground that its consent thereto was given by mistake.

ID. — TEST OF PAYMENT BY CHECK — ACTION ON NOTE — COLLECTION OF CHECK. — The test as to whether the note was paid or not, as against the payee, by means of the check, is, whether an action could afterwards be maintained upon the note against the maker, and the check could operate as payment until collected.

ID. — NOTE OR CHECK FOR ANTECEDENT DEBT — EXTINGUISHMENT — AGREEMENT FOR PAYMENT. — When a creditor takes a note or check for an antecedent debt, it does not operate to extinguish the debt, unless it is received by express agreement as payment.

ID. — MUTILATION OF NOTE — EXPLANATION. — The fact that the note was mutilated and marked "canceled" did not affect the payee's right to sue upon it, the matter being susceptible of explanation.

ID. — EVIDENCE — ASSIGNMENT FOR BENEFIT OF CREDITORS — DEBTOR'S BELIEF OF SOLVENCY AT TIME OF CREDIT — ERROR WITHOUT PREJUDICE. — Where the maker of the note had testified that he made an assignment for the benefit of creditors upon the afternoon of the day the note was presented for payment, the admission of his evidence as to how long he was in having the assignment prepared is not prejudicial error, when his testimony shows that on the morning of the arrangement for the payment of the note by the bank he thought he was able to pay all his debts in the ordinary course of business.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion.

*Rothchild & Ach,* for Appellants.

*Denson & Oatman,* for Respondent.

BELCHER, C. — This is an action to recover the sum of $860, money alleged to have been received by the defendant to and for the use of the plaintiffs. The court below gave judgment for the defendant, from which, and from an order refusing a new trial, the plaintiffs appeal.

The facts of the case, as found by the court, are as follows: —

On the seventeenth day of December, 1888, one G. Politz made his promissory note to the plaintiffs for $860, payable two months after date at the bank of defendant. They delivered it to the London, Paris, and American Bank of San Francisco for collection, which bank forwarded it to the defendant at Sacramento to be presented for payment, and it was received Sunday, the seventeenth day of February, 1889. The maker was a customer of the defendant, and on the morning of the 18th he deposited with the defendant four hundred dollars on general account. While he was at the bank, at the time he made the deposit, a clerk of the defendant presented the note for payment. The maker wrote across the face of the note, "Please charge the same to my account. G. Politz." The clerk then wrote on the back of the note, "Charged account. Littlefield." The clerk, Littlefield, then stamped these words on the back of the note, within a square, "National Bank of D. O. Mills & Co., February 18, 1889, Sacramento, Cal." The square and words were in red ink, and understood to mean "canceled." The clerk then charged the amount of the note in the pass-book of the maker, and in the journal of the defendant in his account. Before the close of the business hours of the day the defendant drew its check in favor of the London, Paris, and American Bank upon the Bank of California, and after the close of business hours inclosed its check in an envelope with a letter of advice addressed to the London, Paris, and American Bank. At the time of this transaction Politz had no money or other funds on deposit with the defendant. Some time previous he had made his note, payable one day after date, to the defendant to cover over-drafts, for the sum of three thousand five hundred dollars, which was accredited to his account. Allowing this note as a credit in account with Politz, and charging him with the amount of said check, the journal of the defendant at the close of the business hour on that

day showed a nominal credit in his favor of $367; but in fact he had overdrawn his account in excess of his note, then overdue, and moneys deposited more than two thousand dollars. At the time the defendant received from Politz the note for three thousand five hundred dollars to cover over-drafts he was in good credit, but in fact insolvent, and was insolvent on the eighteenth day of February, 1889, at the time of the transaction out of which this action arose; and about five o'clock of the afternoon of that day he made a general assignment under the provisions of the Civil Code for the benefit of his creditors. The defendant knew nothing of the insolvency of Politz until after the assignment was made. On the same day, and immediately after ascertaining that he had made an assignment, the defendant procured the envelope from the post-office containing the check and canceled it, and immediately indorsed on the back of the note these words: "Charged in error. F. Miller, Cashier." "Canceled in error. F. Miller, Cashier." And immediately, on the same evening, returned the note by mail, with letter of advice as to what had been done, to the London, Paris, and American Bank of San Francisco. There were no indorsers on the note due plaintiffs. Neither the plaintiffs nor the London, Paris, and American Bank knew or had any notice of the transaction between the defendant and Politz, or of the drawing of the draft by the defendant, until after the check had been canceled and the defendant had declined to advance the money to pay the note. The defendant did not receive any money or other valuable thing from Politz, to or for the use of the plaintiffs, and they have lost no rights by the acts of the defendant.

Upon these facts, the principal question presented for decision is, Did the transaction between Politz and the defendant constitute a payment of the note? The appellants contend that it did, and that the finding that "the defendant did not receive any money or other valuable thing from Politz to or for the use of the plain-

tiffs, and they have lost no rights by the acts of the defendant," was not justified by the evidence.

The above is the only finding objected to, and we do not think the contention in regard to it can be sustained.

It is not disputed that when the note was presented to Politz for payment, and he wrote on it, "Please charge the same to my account," he had no money in the bank to his credit, but was indebted to it in a considerable sum. The request was, therefore, in effect, that the defendant advance or loan to him the money to make the payment, and trust him till he could pay it back. This the defendant, supposing him at the time to be of good credit, seems to have been willing to do, but when, near the close of the business day, it learned that he had made an assignment for the benefit of his creditors and was insolvent, it changed its mind, and concluded not to advance the money. It thereupon got back its check and canceled it.

At this time the transaction was unknown to the plaintiffs and was incomplete, and as against Politz, the defendant had a clear right, we think, to do as it did.

And if it be assumed, as claimed by appellants, that the transaction amounted to a contract on the part of defendant to advance the money to pay the note, still, it had a right to rescind the contract if its consent thereto was given by mistake (Civ. Code, sec. 1689), and that it was so given is shown by the evidence and findings.

As against the plaintiffs, the test as to whether the note was paid or not is, Could they afterwards have maintained an action upon it against Politz, the maker? It is settled law in this state that when a creditor takes a note or check for an antecedent debt, it does not operate to extinguish the debt, unless it is received by express agreement as payment. (*Griffith* v. *Grogan*, 12 Cal. 317; *Welch* v. *Allington*, 23 Cal. 322; *Brown* v. *Olmsted*, 50 Cal. 162; *National Bank* v. *McDonald*, 51 Cal. 64; 21 Am. Rep. 697; *Comptoir d'Escompte* v. *Dresbach*, 78 Cal. 15.) If, then, the check of the defendant had been

forwarded to and actually received by the plaintiffs, it would not, until collected, have paid their note and released the maker from liability thereon. And the fact that the note was mutilated, and marked "canceled," did not affect the plaintiffs' right to sue upon it, since this matter could all be explained and accounted for. (Code Civ. Proc., sec. 1982.)

In our opinion, therefore, the note was not paid, and the finding objected to was justified and proper.

The appellants also make the point that the court erred in the admission of evidence. Politz was called as a witness for defendant, and testified that he made an assignment on the eighteenth day of February, 1889. He was then asked by counsel for defendant: "How long were you preparing or having that assignment prepared?" The question was objected to, as irrelevant and immaterial; the objection was overruled, and an exception taken. The witness answered: "It took my lawyer about half an hour to write it. I went to him about four o'clock. I had a consultation with my legal adviser about my affairs before that. I think it was the same morning." The witness then went on to say that his consultation in the morning was not about making an assignment, and that he then thought he was able to pay all his debts in the ordinary course of business.

We are unable to see that there was any error in the ruling complained of, and if there was, that the appellants were in any way prejudiced thereby.

We think the judgment and order should be affirmed, and so advise.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.