## B. F. Ellsworth v. Fred G. Varney.

1.  APPELLATE COURT PRACTICE—*Propositions of Law Must be Shown in the Abstract.*—Propositions of law which do not appear in the abstract will not be discussed in this court.

2.  PROMISSORY NOTES—*Recovery upon, by an Indorsee.*—To entitle an indorsee to recover from the indorser upon a promissory note, he must show that, by reason of the insolvency of the maker, no suit against him would have been availing, and that the written assignment made by the indorser at the time he delivered the notes to the plaintiff carried with it the liability of a general indorser.

3.  SAME—*Qualified Indorsements.*—An indorsement upon a promissory note in these words, " For value received, I hereby convey my right, title and interest in within notes to E," is a qualified indorsement and expresses no further intention than to pass the title and interest which the indorser had in the notes at the time.

4.  SAME—*General and Qualified Indorsements.*—The interest passing by the usual indorsement is much greater than the mere interest of the payee, and where the indorsement only attempts to pass the right, title and interest of the payee of the note, no greater right, title or interest than he then had can pass.

Assumpsit, on promissory notes.   Trial in the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding.   Finding and judgment for defendant; appeal by plaintiff.   Heard in this court at the November term, 1898.    Reversed.   Mr. Justice WRIGHT dissenting.  Opinion filed June 3, 1899.

Wм. Mumford and W. I. Klein, attorneys for appellant.

The rights of the holders of notes, and the liability of all parties upon the same, shall be according to the rules in case of inland bills of exchange, but when suit would have been unavailing, or the maker had absconded, etc., " such assignee or holder may recover against the assignor as if due diligence by suit had been used." Hurd's St. 1895, p. 1061, Sec. 7.

Every indorser of any instrument mentioned in this section shall be held as a guarantor of payment, unless otherwise expressed in the indorsement. Hurd's St. 1895, p. 1062, tit. Neg. Ins., par. 8.

Every indorser shall be liable if assignee used due diligence against the maker, or if suit would have been unavailing, or if maker had absconded, etc. Hurd's R. S. 1889, p. 944, tit. Neg. Ins., Sec. 7.

Where suit would have been unavailing, etc., indorser's liability not dependent upon due diligence against maker of instrument. Crouch v. Hall, 15 Ill. 263; State Bank v. Hawley, 1 Scam. 580; Pierce v. Short, 14 Ill. 144; Wilder v. DeWolf, 24 Ill. 190; Clayes v. White, 83 Ill. 540; Babcock v. Blanchard, 86 Ill. 165; Harding v. Dilly, 60 Ill. 528.

Notorious insolvency makes indorser liable. Humphreys v. Collen, 1 Scam. 47; Garrity v. Betts, 20 Ill. App. 327.

An indorsement of a note is at once a transfer of the title, and a contract pledging the indorser's credit for the honor of the bill. Norton on Notes and Bills, 106, 107, and cases there cited; Norton on Notes and Bills, 125.

In the effect of the indorsement, the law looks to the intention, rather than to the form of the words. Norton on Notes and Bills, 108.

W. E. Williams, attorney for appellee; Jefferson Orr, of counsel.

Where the assignment is out of the usual and ordinary way, it does not imply the same liability as a blank indorsement. Aniba v. Yeomans, 39 Mich. 171; Hailey v. Falconer, 32 Ala. 536.

In Michigan, where the payee wrote on the back of the note, "I hereby transfer my right, title and interest of the within note to S. C. Y.," it was held that such transfer was not an indorsement in the sense of the law merchant, but merely passed title, not rendering the assignor liable as an indorser. Aniba v. Yeomans, 39 Mich. 171.

In Alabama it has been held that the following indorsement is but a mere transfer of title and creates no liability against the assignor: "I transfer all my right and title to the within note to be enjoyed in the same manner as may have been by me." Hailey v. Falconer, 32 Ala. 536.

In Pennsylvania, where there was a trade or exchange of specific articles for certain notes in payment, with the agreement at the time of the assignment that the assignor should assume no responsibility, the court held that proof of the contemporaneous parol understanding was competent, and that the indorsement should not be perverted to a use never intended, but that the intention of the parties should prevail. Hill v. Ely, 5 Serg. & R. (Penn.) 363; Breneman v. Furniss, 90 Penn. St. 186; Ross v. Espy, 16 P. F. Smith (Penn.), 481; Taylor v. French 2 Lea, 257, 31 Am. Rep. 609.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellant against appellee as the indorser of two promissory notes for $500 each, executed by Leora V. Cady on the 10th of June, 1893, payable to her order and due three years after date.

It appears from the record that appellee purchased from appellant a stock of groceries, and in payment for the same gave $58 in money and the two notes. Leora V. Cady had indorsed them in blank, and there appeared on the back of each the following indorsement: "Chicago, Dec. 1, 189–. Transferred from Frank E. Trude to F. G. Varney." When appellee delivered them to appellant he, at the suggestion of appellant, made the following indorsement:

"WARSAW, July 2nd, 1895.

For value received I hereby convey my right, title and interest in within notes to B. F. Ellsworth.

F. G. VARNEY."

The declaration contained three special counts and the common counts. We shall notice only the second count as it was the only one under which proofs were offered. It charged that the maker of the note was insolvent, so that suit against her would have been unavailing. To it the defendant plead the general issue and two special pleas. First, that plaintiff had real estate security for the notes, ample and sufficient for their payment. Second, that the parties at the time of the transfer of the notes had a parol agreement that there should be no liability over against the defendant. A jury was waived and a trial had by the court, resulting in a judgment for the defendant and against the plaintiff for costs.

The chief contentions upon which a reversal of the judgment is grounded are: First, that the court erred in the holding in certain propositions of law that an indorser of a promissory note may show a parol contemporaneous agreement inconsistent with the written indorsement. Second, that the court erred in admitting testimony of an oral agreement to the effect that the defendant should not be liable as a general indorser. Third, that the court erred in finding as a fact, from the evidence, that there was such an oral agreement. As the propositions of law do not appear in the abstract we shall not discuss them, and in the view taken by us of Elsworth's lack of diligence to collect from the maker of the notes and the indorsement made by Varney we do not consider it necessary to express ourselves upon the other points of contention made by appellant.

To entitle him to recover it devolved upon the plaintiff to show that by reason of the insolvency of Leora V. Cady no suit or proceeding against her would have been availing, and that the written assignment made by the defendant at the time he delivered the notes to the plaintiff carried with it the liability of a general indorser.

The proof shows that the notes in questions were secured by a deed of trust on eight city lots located in the outskirts of Chicago, valued at from $2,200 to $3,000.

There was a prior mortgage on the same property for

$600. While it appears that Leora V. Cady had no other property than the lots mentioned, it does not appear that any effort was made to collect the notes by foreclosure proceedings or otherwise. The lowest estimate placed upon the value of the lots exceeded the amount of the first mortgage debt $1,600. It would seem, then, that Ellsworth was not in a very good position to maintain his suit against Varney as an indorser upon the ground that suit against the maker would have been unavailing.

A majority of the court are of the opinion that another reason why Elsworth can not maintain his suit against Varney is to be found in the peculiar phraseology of the assignment indorsed. The indorsement is not in the usual form, but substantially different therefrom. The usual indorsement upon a negotiable promissory note is something more than a mere transfer of the interest of the payee therein. Under our statute it includes the personal under- taking of the indorser to pay the note if, at maturity, the maker is insolvent or has absconded from the State. Every indorsement by the payee made upon transferring the instru- ment is held to have that dual effect unless the words em- ployed demonstrate the intention to make the indorsement a qualified one. An indorsement in blank has that effect. But where the words employed in the indorsement demon- strate an intention on the part of the indorser to make the indorsement a qualified one, courts will give it a different effect and one in harmony with the intention. Familiar examples of qualified indorsements are those made " with- out recourse," " at the assignee's own risk " and " with intent only to transfer my interest, and not to be subject to any liability in case of non-payment by the maker." (Story on Promissory Notes, Sec. 146; Randolph on Commercial Paper, Secs. 720 and 721.) They are qualified indorsements because the words employed in each clearly demonstrate an intention of the indorser to avoid personal liability for the default of the maker. In the indorsement before us the words, " For value received, I hereby convey my right, title and interest in within notes to B. F. Ellsworth," express no

further intention than to pass to Ellsworth the title and interest which Varney had in the notes. Having expressed but one of the two legal implications flowing from a general indorsement, or an indorsement in blank, we are constrained to hold that the indorser intended to exclude the other implication. In the case of Aniba v. Yeomans, 39 Mich. 171, the indorsement was identical with this one and the suit was by Yeomans, the indorsee, against Aniba, the indorser. In speaking of the effect of such an indorsement the Michigan court said:

"The right or interest passing under the usual and customary indorsement is much greater than the mere right, title and interest of the payee, and where the transfer, as made, only attempts to pass the title and interest of the payee of the note, no greater right or interest than he then held can pass. The transfer in this case gave Yeomans the same rights that Aniba then had, but none other or greater. Yeomans could look to the makers thereof as Aniba could have done, but beyond this he could not go. To permit him to fall back upon Aniba, in case Aniba could not have collected, would be giving him more than Aniba's right and interest in the note."

To the same effect is the holding of the Supreme Court of the State of Alabama in Hailey v. Falconer, 32 Ala. 536.

Independent of the action of the Circuit Court in allowing parol proof to show that it was agreed that Varney should not be held liable for the maker's default in paying the notes and the finding of the court that there was such an agreement we hold that appellant was not entitled to recover and that the judgment was right. Judgment affirmed.

Mr. Justice WRIGHT dissents from what is said in the foregoing opinion about the indorsement being a qualified one.