[S. F. No. 1427.   Department Two.—May 4, 1900.]

## L. H. BONESTELL, Respondent, v. W. A. BOWIE et al., Appellants.

FORECLOSURE OF MORTGAGE — RENEWALS OF NOTE — PLEADING — DEMURRER—UNNECESSARY ALLEGATIONS.—In an action to foreclose a mortgage, where the complaint describes the original note secured by the mortgage, and proceeds on the theory that there was but one indebtedness secured by the mortgage, which was not barred by statute and which was unpaid, allegations showing that the original note was renewed by a second note when the interest was paid and was delivered to the defendant by mistake, and that there were a series of renewals, after which a copy of the original note was given, are unnecessary, and such allegations do not render the complaint demurrable.

ID.—EXTINGUISHMENT OF ORIGINAL NOTE—CONFLICTING EVIDENCE—SUPPORT OF FINDING.—Where the testimony was conflicting as to whether the original note was extinguished, and it appears that the mortgage was never canceled, and that defendant admitted the original indebtedness by executing a copy of the original note, a finding that such note was not extinguished by any subsequent note is sufficiently supported.

ID.—PAYMENT BY RENEWAL OF NOTE—ABSENCE OF EXPRESS AGREEMENT—PRESUMPTION.—A new note given by the debtor or by a third party, if not itself paid, does not constitute payment unless received by the creditor under an express agreement to accept it as absolute payment; and the presumption is against its being so received.

ID.—SURRENDER AND CANCELLATION OF NOTE.—The fact that the original note was surrendered and marked paid on its face when the new note was given is not conclusive evidence of the extinguishment of the original debt if the new note is not paid; and it may be shown that the original debt was not in fact extinguished.

ID.—STIPULATION IN MORTGAGE FOR COUNSEL FEES—BLANK PERCENTAGE—POWER OF COURT.—The court may fix a reasonable counsel fee, under a stipulation for a counsel fee at the rate of (blank) per cent, upon the amount found to be due.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion.

Nowlin & Fassett, for Appellants.

C. K. Bonestell, for Respondent.

GRAY, C.—Appeal from a judgment and from an order denying defendants' motion for a new trial.

This is an action on a promissory note and to foreclose a mortgage given to secure the payment of the same. The original complaint was filed February 24, 1896. The note sued on was dated February 11, 1892, and was due sixty days after date.

1. The first point urged on appeal is directed to the action of the court in overruling the demurrer to the third amended complaint. Three amended complaints were filed in the case, and the first allegation of each of them, as well as of the original complaint, was as follows: "That on the eleventh day of February, 1892, the defendant, W. A. Bowie, executed to plaintiff a promissory note in the words and figures following, to wit." And then follows a copy of the note upon which the action is based, the same being identical in the original and all of the amended complaints. Beyond any question the third amended complaint, filed October 7, 1896, upon which the action was tried, stated the same cause of action as the original and other amended complaints. It is equally beyond question that the basis of the action, as set forth in the third amended complaint, was the original note alleged to have been executed

February 11, 1892. There was but one note in the case executed on that date, so that it is not possible to construe the complaint, or any amended complaint, as being based on any copy or renewal of that note. The third amended complaint contains the allegations usual in a suit brought to foreclose a mortgage, and also some allegations of evidentiary matter which may be treated as surplusage. Of this latter class are the allegations concerning the delivery by mistake of the original note to defendant and the execution of a series or succession of notes in renewal of the original after it became due, and also the execution of a new note outside of said series which was substantially a copy of the original and intended to take the place of it after said original had been delivered up by mistake as aforesaid. These allegations could have been omitted from the complaint to the improvement thereof as a pleading; and yet they did not render it amenable to any objection included in the demurrer to the third amended complaint. This complaint stated a cause of action in foreclosure, and did not state, or attempt to state, any cause of action for the correction of a mistake. There was a distinct allegation of nonpayment of the five hundred dollars evidenced by the note first set out in the complaint, and which the mortgage was given to secure, and it was entirely unnecessary to allege nonpayment of any subsequent note or to make any other reference thereto. The complaint was drawn on the theory that there was but one indebtedness secured by the mortgage or represented by any or all of the notes, and to allege the nonpayment of this once was sufficient. It is alleged in the complaint that the note in suit had been "by mistake surrendered to one of the defendants and marked paid," but it does not necessarily follow from this allegation that either the note or mortgage was in fact paid or extinguished. The allegation of nonpayment with the other allegations of the complaint show a present subsisting debt, and mortgage securing the same; and no allegation of any renewal of the mortgage was necessary.

We have seen that the cause of action in the original and amended complaints is identical, and that the action was commenced within four years after the note in suit fell due; the complaint, therefore, shows on its face that the cause of action

is not barred by the statute of limitations. The demurrer to the third amended complaint was properly overruled.

2. Appellant contends that the evidence shows that the note, which the mortgage was given to secure, was paid off and extinguished by another note, and that the mortgage was not in any way renewed and did not by its terms secure any obligation other than the original note, and therefore defendants' motion for a nonsuit should have been granted, and the finding of nonpayment is not supported by the evidence. The evidence showed that when the original note fell due it was in the hands of the Tallant Banking Company. The accrued interest was then paid by defendant Bowie, and a new note was given by him to Bonestell & Co. for five hundred dollars, dated April 11, 1892, and payable in sixty days thereafter. This note was delivered to the cashier of the bank, who received it as the agent of plaintiff, and thereafter delivered the original note to defendant Bowie, the same bearing, stamped on the face thereof, the words "Tallant Banking Company, paid." This original note was thereafter kept by Bowie, and by him placed in evidence at the trial. On the maturity of the second note it was exchanged for a third, the second being surrendered as the original had been before, and thereafter similar exchanges were made, new notes being executed—some eighteen or twenty of them altogether—and each exchanged for the one immediately preceding it in date of execution. The interest on the original five hundred dollar indebtedness was paid up to some time in June, 1894, but the principal and interest since that date has not been paid, and the mortgage has not been satisfied of record. The testimony of defendant Bowie tended to show that the second note was given in payment and extinguishment of the original note and indebtedness. It appears, however, that some time after the original had been surrendered to Bowie he signed and delivered to plaintiff's agent, Doan, a new note other and in addition to the regular series hereinbefore referred to. This new note was introduced in evidence at the trial, and proved to be, substantially, a copy of the original note. Bowie testified that he signed this copy note with the understanding that it was one of the renewal notes, that he had no knowledge whatever that it was to be

substituted for the original, and that it was not dated at all when he signed it. In regard to this copy note Doan, who acted in the matter as the agent of plaintiff, testified to facts which tend strongly to show that it was not the understanding even of the defendant himself that the original indebtedness was canceled by the giving of the subsequent notes. In support of the decision of the trial court this testimony of Doan must be taken as true, and it shows that defendant with full knowledge signed and delivered a new note which was a copy of the original, and was to be substituted for such original and attached to the mortgage. This act of defendant was a broad admission of liability on the original note as well as on the mortgage, and, coupled with the fact that the mortgage was not in fact canceled and no request was made to have it satisfied of record, we deem it, in view of the law governing the question, amply sufficient to support the finding of the court that the original note was not extinguished by any subsequent note, as well as to justify the court's action in denying the motion for a nonsuit.

The rule of law applicable to the case seems to be that the note of a debtor or of a third party, if not itself paid, does not constitute a payment unless received by the creditor under an express agreement to accept it as an absolute payment. "The presumption is not in favor of its being received as payment." (*Dingley v. McDonald*, 124 Cal. 90; *Savings Bank v. Central Market Co.*, 122 Cal. 33; *Dellapiazza v. Foley*, 112 Cal. 380, 386; *Savings etc. Soc. v. Burnett*, 106 Cal. 514, 528; *Steinhart v. National Bank*, 94 Cal. 362; 28 Am. St. Rep. 132; *Comptoir D'Escompte v. Dresbach*, 78 Cal. 15, 20; *Welch v. Allington*, 23 Cal. 322.) That the original note was surrendered and marked paid on its face was not conclusive evidence of the extinguishment of the debt which the mortgage was given to secure. In *Welch v. Allington, supra,* the original had been surrendered on the execution of the new note, and in *Steinhart v. National Bank, supra,* the original was marked canceled, and yet it was held in both these cases that the original debt was not extinguished.

3. The mortgage provided that on foreclosure a decree might be had that out of the proceeds of the foreclosure sale there

might be retained the principal and interest of the note, together with the costs and charges of making such sale, and of suit for foreclosure, including counsel fees, at the rate of — per cent upon the amount which may be found to be due. The decree provides that said commissioner, out of the proceeds of such sale, may, among other things, pay to plaintiff the sum of one hundred dollars, attorney's fee. The court had in the findings fixed this sum of a hundred dollars as a reasonable attorney's fee, and it was recited in the decree that the same was secured by the mortgage. The provisions of the decree in respect to the attorney's fee were warranted by the provisions of the mortgage above set forth. (*Alden v. Pryal*, 60 Cal. 215; *O'Neal v. Hart*, 116 Cal. 69.)

4. The decision is not against law, as the findings dispose of all the material issues. It was necessary to find only on ultimate facts alleged on the one hand and denied on the other in the pleadings. It was not necessary to find on those facts stated in the pleadings which were merely evidentiary of the ultimate facts in the case.

The judgment and order appealed from should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.