CODDINGTON SAVINGS BANK, APPELLANT, v. JOHN G. ANDER-
SON, APPELLEE.

FILED MARCH 19, 1902.   No. 10,280.

1. Promissory Note: INDORSEMENT: NEGOTIABILITY. An indorsement
   upon a promissory note as follows: "For value received I
   hereby assign and transfer the within bond and coupons thereto
   annexed, together with all my interest in and rights under the
   mortgage securing the same, to Coddington Savings Bank, with-
   out recourse," signed by the payee in the note, does not destroy
   the negotiability of the note.

2. ———: PAYMENT: ELECTION: BURDEN OF PROOF. If the maker
   elects to pay a negotiable promissory note to one who can not
   and does not produce the note, by so doing he assumes the
   burden of showing that the party to whom he paid it was the
   owner of the note, or was authorized by the owner to receive
   the money for him.

APPEAL from the district court for Harlan county.
Heard below before BEALL, J.   Reversed.

*James McNeny,* for appellant.

*Riley L. Keester, contra.*

SEDGWICK, J.

In December, 1885, the defendant, John G. Anderson,
executed a note for $500, with ten interest coupons of
$20 each, and a mortgage securing the same, to one James
H. Tallman.   Mr. Anderson transacted this business with
the Nebraska & Kansas Farm Loan Company, of Harlan
county, Nebraska, and the securities were upon land in
that county.   Mr. Tallman was a member of the firm of
Moore & Co., of Hartford, Connecticut, and it appears
from the evidence that the note and mortgage were taken
in his name at the request of Moore & Co.   Immediately
after the papers were taken they were forwarded by the
Nebraska & Kansas Farm Loan Company to Moore & Co.
at Hartford, Connecticut, and were thereupon sold by
Moore & Co. to this plaintiff.   Afterwards the amount of

the interest coupons, as they became due, was paid by Anderson to the Nebraska & Kansas Farm Loan Company, and the money forwarded to Moore & Co., and by them paid to the plaintiff bank. A few days before the principal became due, Anderson sent the amount of the principal and the last interest payment, $520, to the Nebraska & Kansas Farm Loan Company, which company acknowledged receipt of the money, and promised to forward Mr. Anderson the papers as soon as they could be obtained from the east.

1. The first question presented is as to the negotiability of the note. The indorsement thereon is as follows: "For value received I hereby assign and transfer the within bond and coupons thereto annexed, together with all my interest in and rights under the mortgage securing the same, to Coddington Savings Bank, without recourse. James H. Tallman." And it is insisted, under the authority of *Aniba v. Yeomans,* 39 Mich., 171, that by such indorsement the negotiable character of a promissory note is destroyed. In that case the indorsement was: "I hereby transfer my right, title and interest of the within note to S. A. Yeomans." It did not purport to transfer the entire note, as does the indorsement in this case. We think that the indorsement in this case does not destroy the negotiability of the note, and this objection is not well taken.

2. If it is admitted, as claimed by the defendant, that the evidence in the case is sufficient to establish the fact that the money loaned to the defendant was the money of George W. Moore & Co., and that the Nebraska & Kansas Farm Loan Company was the agent of Moore & Co. in negotiating the loan, the next question then is as to the authority of the Nebraska & Kansas Farm Loan Company or Moore & Co. to receive the money from the defendant on behalf of the plaintiff, the Coddington Savings Bank. There is no doubt, under this evidence, that the Coddington Savings Bank bought this note in good faith in the regular course of business, and was entitled to receive the proceeds thereof. It is also made clear that the Nebraska

& Kansas Farm Loan Company, having failed in business soon after the receipt of the money from the defendant, never paid the same to the plaintiff, nor to Moore & Co. The evidence in regard to the authority of the Nebraska & Kansas Farm Loan Company to receive this money on behalf of the plaintiff is very similar to, in fact almost identical with, the evidence in the case of *Richards v. Waller,* 49 Nebr., 639, and it was there held, quoting from *Bull v. Mitchell,* 47 Nebr., 647: "Where payment of a negotiable note secured by mortgage was made to an investment company of which the mortgagee was manager, and such payment was never forwarded to the party to whom such note had been transferred, held, that the mere fact that antecedent payments made in like manner had been made to be forwarded to the transferee of such note, and had been so forwarded, did not bind the holder of the note as to the final payment not forwarded, it being shown by the evidence that such holder had never in any way held out or recognized the mortgagee as his agent." This was also approved, upon a similar state of facts, in *City Missionary Society v. Reams,* 51 Nebr., 225. We are satisfied with these decisions, and no good purpose could be served by reviewing the evidence further in this case.

There is no reason for holding the plaintiff to have ratified the action of the Nebraska & Kansas Farm Loan Company, since there is no evidence that the plaintiff ever knew of that action, and, although the plaintiff delayed something over three years after the maturity of the paper before beginning this suit, and did not in the meantime notify Mr. Anderson that it had not received the money, still this is no ground of estoppel against the plaintiff, since it is not shown that Mr. Anderson ever transacted any business directly with the plaintiff, but always paid his money to some other parties, who forwarded it to the plaintiff; and these parties to whom Mr. Anderson paid his money, and who paid it for him to plaintiff, had full knowledge of all the facts. The plaintiff had no notice of this payment by Mr. Anderson until shortly before the

action was begun, when it was notified by Moore & Co. that Mr. Anderson claimed that he had paid the mortgage. Plaintiff immediately forwarded the mortgage for foreclosure. The rule of law by which to determine which of these innocent parties must suffer this loss is well settled. The note being negotiable in form, if the maker elects to pay it to some one who can not and does not produce the note, by so doing he assumes the burden of showing that the party to whom he paid it was the owner of the note, or was authorized to receive the money. This he failed to prove, and the decree of the district court is therefore reversed, and the cause remanded, with instructions to enter decree in favor of the plaintiff for the amount due upon the note and mortgage.

REVERSED AND REMANDED.