**State Bank of Clinton, Appellee, v. Fred J. Parkhurst, Appellant.**

1. NEGOTIABLE INSTRUMENTS—*what essential to establish liability of endorser.* In order to hold an endorser a promissory note must be presented to the maker before maturity, demand made for payment, and if dishonored, notice thereof given to the endorser.

2. JUDGMENTS—*when affidavit presented upon motion for leave to plead to judgment entered by confession, sufficient.* Even though the facts set out in such an affidavit are not averred with the same detail and certainty requisite in formal pleading, yet such an affidavit is sufficient if it sets out enough facts to establish a *prima facie* defense.

Judgment by confession. Appeal from the Circuit Court of Dewitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

Edward J. Sweeney and Wight & Alexander, for appellant.

Herrick & Herrick, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an appeal from an order of the circuit court overruling a motion by appellant to open up a judgment obtained by the State Bank of Clinton against him on March 22, 1909, for the sum of $394.80, and for leave to plead to the merits of the action.

It appears from the averments of the affidavit filed in support of the motion, which for the purposes of the motion must be taken as true, that on November 2, 1906, appellant borrowed from appellee the sum of $1,250 and gave his judgment note therefor; that at the time appellant, as collateral security for said indebtedness, assigned to appellee a note dated December 10, 1905, for $1,250 signed by J. B. Levy, W. L. Henning and A. Hudson, payable to Fred Ball, one year after date, at Garnet, Kansas, with six per cent interest, which said note Ball had by endorsement transferred to appellant; that when said principal note matured, appellant renewed the same, by another note payable to appellee on demand, for a like amount, the latter note being the one upon which the judgment by confession in question was taken; that when the collateral note matured, appellee failed to present it for payment to either of the makers, at Garnet, Kansas, or elsewhere, and took no steps to collect the same from either the makers or the endorser; that at the time the collateral note matured the makers of the note were and have since continued to be insolvent, and that during all of such time Ball, the endorser, was solvent. The affidavit further avers that by reason of the failure of appellee to present said

collateral note for payment, or to take any steps for the collection thereof, Ball, the endorser, was released from liability, whereby appellee became liable to appellant for the amount of said collateral note and interest, and hence appellant had a good and valid defense as to the whole amount for which the judgment by confession in question was taken.

We think such contention is warranted, and that the trial court should have granted the motion. Under the act of 1895, relative to negotiable instruments, which adopts the law merchant as to rights and liabilities of parties to promissory notes payable in money, in order to hold an endorser the note must be presented to the maker at maturity, demand made for payment, and if dishonored, notice thereof given to the endorser. Kimmel v. Weil, 95 Ill. App. 15; Vaughan v. Potter, 131 Ill. App. 334. By reason of the failure of appellee to present the collateral note in suit to the makers for payment, and to notify the endorser of its dishonor, such endorser was released from liability thereon. It was the duty of appellee to collect the collateral note and apply the same upon the principal note and to return the balance, if any, to the appellant. It was also its duty to present the same for payment to the makers thereof at maturity, and if dishonored, to give notice to the endorser in the same manner as if it were absolutely the owner of the note. In the absence of any agreement or instructions governing the course of collection of the note, it was bound to take the necessary steps to perfect the liability of the endorser, and if by its neglect to do so the security was released, it must bear the loss. Griggs v. Day, 32 Am. St. 104, 136 N. Y. 152, note; Hawley v. Brownstone, 123 Cal. 643, 56 Pacific Reporter, 468; Coleman v. Lewis, 68 L. R. A. 482, note; Miller v. Gettysburg Bank, 8 Watts, 192; 34 Am. Dec. 449, note; 2 Rand. Com. Paper, sec. 795, 804; Joyce Def. Com. Paper, sec. 613; Scott v. Bank, 68 L. R. A.

488; Bank v. O'Connell, 84 Ia. 377 (51 N. W. 162); Mc-Queen's Appeal, 104 Pa. St. 595.

It is urged that the affidavit is defective in several respects, and that for that reason the court, in the exercise of reasonable discretion, was warranted in its rulings. While it may be that the facts set out in the affidavit are not averred with the same detail and certainty requisite in formal pleading, we think that it was sufficient in substance to establish *prima facie*, a good defense to the note. Blue v. Keenan, 130 Ill. App. 312.

The judgment will be reversed and the cause remanded with directions to open up the judgment and grant appellant leave to plead, the said judgment to stand as security until the final determination of the cause upon the merits.

*Reversed and remanded.*

Mr. Justice Philbrick took no part.