[Civ. No. 7239. First Appellate District, Division One.—January 5, 1931.]

CHARLES H. KANE et al., Appellants, v. GEORGE A. EASTMAN et al., Respondents.

W. W. Kaye and Samuel Horowitz for Appellants.

William A. Barnhill, Lewinson & Barnhill for Respondents.

THE COURT.—This action was brought to recover from defendants George A. Eastman and Mildred C. Eastman, his wife, the sum of $10,850, the unpaid balance of the purchase price of the leasehold of an apartment house in Los Angeles called the "Marlborough Apartments"; and of the furniture therein. The plaintiffs also sought to recover the same amount from defendant Goldberg on the foreclosure of a

chattel mortgage on certain furniture in an apartment house called the "Pickwick Apartments", executed by Goldberg to defendant George A. Eastman, and by him assigned to plaintiff Charles H. Kane.

The court found for defendants Eastman and against defendant Goldberg, and from the judgment entered thereon plaintiffs have appealed.

The facts of the transaction are as follows: On October 1, 1923, plaintiff Charles H. Kane entered into an agreement with defendants Eastman whereby he agreed to sell and they agreed to buy the leasehold and furniture of the Marlborough Apartment House for the sum of $45,000. The purchasers agreed to pay $13,750 in cash; to indorse to plaintiff Kane a promissory note for $17,500 executed by defendant Goldberg on October 1, 1923, to George A. Eastman, which note was secured by a chattel mortgage on the furniture of the Pickwick Apartment House, and to discharge certain obligations of plaintiff Kane amounting to $13,750. The cash payment was made, the obligations were discharged, and the Goldberg note and mortgage were transferred to Kane. No part of this note, which was payable in installments, was paid by the Eastmans, but on May 20, 1925, Goldberg, who was then in default thereunder to the extent of $4,350, had reduced the principal to $10,850. On that date Goldberg was indebted in the same amount, and was also in default to the same extent, on another promissory note executed by him to George A. Eastman and assigned to Mildred C. Eastman, which instrument was also secured by the same chattel mortgage upon the furniture of the Pickwick Apartment House. On the date last mentioned the parties entered into a new agreement whereby Goldberg executed two promissory notes, each for $10,850, one payable to plaintiff, the other to Mildred C. Eastman, and secured both by the execution of a new chattel mortgage to the payees. Goldberg paid nothing on either of the new notes and became in default on both; and it further appears that between the time of filing the action and the trial the furniture in the Pickwick Apartments covered by the chattel mortgage was seized under a prior mortgage by the lessor of the apartment house.

Defendants Eastman alleged that the note executed by Goldberg to George A. Eastman and transferred to Kane was accepted by the latter in payment and satisfaction of

the purchase price of the leasehold and furniture to the extent of $17,500; but the trial court found that it was accepted with the understanding that it should have that effect only to the extent that payments were made thereon. The court found, however, that the note of May 20, 1925, executed by Goldberg to Kane, was accepted with the intention of extinguishing all obligations under the note first mentioned, and to substitute new parties and a new obligation in lieu thereof, and that by reason thereof defendants Eastman were released from all obligation and liability under the first note and under the contract of purchase.

It is admitted that the note of May 20, 1925, was never presented or demand made for its payment, and that no notice of its dishonor was given to defendants Eastman or either of them. The complaint alleged that George A. Eastman "both before and after default in payment and dishonor of said promissory note . . . waived the presentment for payment of said note to defendant Gabriel Goldberg; said George A. Eastman also waived notice of such dishonor by Gabriel Goldberg of said promissory note"; but the court found that there was no waiver as alleged.

Plaintiffs claim that the two findings last mentioned are unsupported. According to the testimony, when Goldberg became in default under the original notes it was the opinion of all the parties that the installments which he was obligated to make thereunder were larger than the business justified. Accordingly for Goldberg's benefit and with the view that new notes in smaller installments would probably be promptly met, and also be more readily marketable, it was agreed that Goldberg should execute such notes to plaintiff and Mrs. Eastman for the unpaid amounts of the notes held by them, payable, however, in smaller installments, and secure the same by a new mortgage upon the same property. Following this agreement the note of May 20, 1925, was executed, and the original note executed by Goldberg was surrendered to him by Kane.

As stated, the court found that the original note was not received by Kane as payment upon the contract; and, with the exception of the fact that this note was surrendered, the record discloses no evidence of any agreement that the original obligations of the defendants were to be extinguished by the second note. Defendants call attention to

certain testimony by the agent who acted for the parties in the original transaction in 1923. This witness testified that it was then understood that the original note should be received as payment.; but the court found to the contrary, and none of the testimony tends to show any such understanding with respect to the note executed in 1925. .

 It is well settled in this state that in the absence of an express agreement a new note of either the debtor or a third person does not extinguish the original indebtedness. (*Griffith* v. *Grogan,* 12 Cal. 317; *Welch* v. *Allington,* 23 Cal. 322; *Brown* v. *Olmsted,* 50 Cal. 162; *Steinhart* v. *National Bank, etc.,* 94 Cal. 362 [28 Am. St. Rep. 132, 29 Pac. 717]; *Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922]; *Dellapiazza* v. *Foley,* 112 Cal. 380 [44 Pac. 727]; *Jenne* v. *Burger,* 120 Cal. 444 [52 Pac. 706]; *Savings Bank of San Diego County* v. *Central Market Co.,* 122 Cal. 28 [54 Pac. 273]; *Bonestell* v. *Bowie,* 128 Cal. 511 [61 Pac. 78]; *Merchant's etc. Bank* v. *Bentel,* 166 Cal. 473 [137 Pac. 25].)

Nor is the fact that the original note was surrendered sufficient alone to establish such an agreement (*Welch* v. *Allington, supra; Steinhart* v. *National Bank, etc., supra; Bonestell* v. *Bowie, supra*); and in view of the evidence and the above authorities this finding is unsupported.

The finding that there was no waiver of presentment or notice of dishonor appears to be sufficiently supported; but in view of other undisputed facts it lacks materiality in the present case. Mrs. Eastman was not a payee of the note transferred to plaintiff Kane by her husband. The complaint alleged, however, that both indorsed the same, and the court so found. But notwithstanding this finding the parties admit that there was no indorsement of any kind by Mrs. Eastman, and that nothing was indorsed thereon except the following:

"Date 11–19–23.

"For value received We hereby transfer, assign and set over unto Charles H. Kane all my right, title, interest in and to the within contract.
 note.
 "George A. Eastman."

■ Nor was this an unqualified indorsement. Section 3119 of the Civil Code provides that a qualified indorsement may be made by adding to the indorser's signature the words "without recourse" or any words of similar import; and while the authorities are conflicting (8 Cor. Jur., Bills and Notes, sec. 551, p. 371) it has been held in this and other jurisdictions that an assignment of "all the right, title and interest" of the payee indorsed upon the instrument is equivalent to an indorsement without recourse, and constitutes him a mere assignor of title who will not be liable as an indorser upon the maker's default. (*Hammond Lumber Co.* v. *Kearsley,* 36 Cal. App. 431 [172 Pac. 404]; *Spencer* v. *Halpern,* 62 Ark. 595 [36 L. R. A. 120, 37 S. W. 711]; *Ellsworth* v. *Varney,* 83 Ill. App. 94; *Evans* v. *Freeman,* 142 N. C. 61 [54 S. E. 847]; *Marion Nat. Bank* v. *Harden,* 83 W. Va. 119 [6 A. L. R. 240, 97 S. E. 600]; 3 R. C. L., Bills and Notes, sec. 371, p. 1155.)

■ An indorser is discharged from his obligation by failure to present a note or give notice of its dishonor, unless presentment or notice is excused or waived (Civ. Code, sec. 3170; 3 R. C. L., Bills and Notes, sec. 396, p. 1178); and it has been held in some jurisdictions that such failure is *prima facie* a bar to a suit on the indebtedness for which the note was given as collateral security (*Anderson* v. *Timberlake,* 114 Ala. 377 [62 Am. St. Rep. 105, 22 South. 431]; *Coleman* v. *Lewis,* 183 Mass. 485 [97 Am. St. Rep. 450, 68 L. R. A. 482, 67 N. E. 603]), and in others that it is an absolute discharge (*Jennison* v. *Parker,* 7 Mich. 355; *State Bank* v. *Parkhurst,* 155 Ill. App. 101; *Rumsey* v. *Laidley,* 34 W. Va. 721 [26 Am. St. Rep. 935, 12 S. E. 866]).

■ But an assignor not being an indorser within the meaning of the above section (*Hammond Lumber Co.* v. *Kearsley, supra*), is not entitled to notice of dishonor, and he can only escape liability for the original debt by showing that the failure to present for payment or give notice of nonpayment, or a lack of diligence in collecting the assigned note, has occasioned him damage (8 Cor. Jur., Bills and Notes, sec. 899, p. 641; *Hutz* v. *Karthause,* 4 Wash. C. C. 1; Fed. Cas. No. 6963; *Hunter* v. *Moul,* 98 Pa. 13 [42 Am. Rep. 610]; *Brown* v. *Craig,* 2 N. C. 378; *First Nat. Bank of Wellsburg* v. *Kimberlands,* 16 W. Va. 555; 5 Cor. Jur.,

Assignments, sec. 168, p. 976). Defendants contend, however, that the finding that the note of October 1, 1923, transferred by Eastman to Kane, was not accepted by the latter as payment is also unsupported, and suggest that a contrary finding should be made by this court pursuant to the provisions of section 956a of the Code of Civil Procedure. But it is well settled that parties who have not appealed cannot attack the findings, the only objections thereto which can be received being those urged by appellant (*Klauber* v. *San Diego Street Car Co.,* 98 Cal. 105 [32 Pac. 876]; *Trevaskis* v. *Peard,* 111 Cal. 599 [44 Pac. 246]; *Garibaldi* v. *Grillo,* 17 Cal. App. 540 [120 Pac. 425]).

 There being no allegation or proof that the failure to present the second note for payment, or that the lack of notice of nonpayment, caused damage to defendants Eastman or either of them, and the finding that they were discharged by agreement from liability for the original debt, being unsupported, there are no findings which sustain the judgment in their favor, and to this extent the same must be reversed. The appeal, however, was from the whole judgment, but no ground appears for reversal of that portion thereof entered against defendant Goldberg, and this portion must be affirmed.

Accordingly, that portion of the judgment in favor of defendants George A. Eastman and Mildred C. Eastman is reversed, and that portion thereof entered against defendant Gabriel Goldberg is affirmed.