### FECKO v. TARCZYNSKI.

1. BILLS AND NOTES—BLANK INDORSEMENT—EFFECT.

   A blank or unqualified indorsement not only transfers interest of a payee in a note but also includes the personal undertaking of the indorser that if the note is not paid at maturity, upon notice of that fact, he will pay the same; and, also, may pass such a perfect title to the indorsee as to enable him to recover from the maker in cases where the payee himself could not recover.

2. SAME—LIMITED INDORSEMENT—DESCRIPTION.

   A limited or qualified indorsement whereby indorser merely transfers such right, title and interest in a note as he has may be effected by adding to his signature the words "without recourse" or any words of similar import (2 Comp. Laws 1929, § 9287).

3. SAME—TRANSFER WITHOUT RECOURSE—LIABILITY OF INDORSER.

   Although when one conveys real estate by a conveyance passing only his right, title and interest no implied warranties or guaranties are possible, when a promissory note is transferred, party so indorsing is thereby relieved only from his liability to pay upon maker's default since he is merely regarded as having indorsed without recourse (2 Comp. Laws 1929, § 9287).

4. SAME—QUALIFIED INDORSEMENT—LIABILITY OF INDORSER.

Indorsement of payee that "for value received I hereby assign all my rights, title and interest to the within note to" indorsee *held*, in effect a qualified indorsement without recourse, constituting indorser a mere assignor of title who is not liable upon the maker's default (2 Comp. Laws 1929, § 9287).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 20, 1937. (Docket No. 137, Calendar No. 39,309.) Decided May 21, 1937. Submitted on rehearing September 4, 1937. Decided October 21, 1937.

Assumpsit by Nicholas Fecko and wife against Stanley Tarczynski and Leona Kowalczyk on a promissory note. Judgment for plaintiff against defendant Tarczynski. Judgment for defendant Kowalczyk. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*Paul V. Hutchins* and *Leslie D. Bloom,* of counsel), for plaintiffs.

*Anthony Nelson,* for defendant Tarczynski.

*George W.* and *Clifford A. John,* for defendant Kowalczyk.

NORTH, J. Defendant Leona Kowalczyk was the payee in a $1,000 promissory note given by defendant Tarczynski. The note was payable on demand. For a valuable consideration and before demand for payment, Mrs. Kowalczyk transferred the note to plaintiffs. The indorsement was as follows:

"For value received I hereby assign all my rights, title and interest to the within note to Nicholas Fecko and Mary Fecko, his wife. Dated July 10, 1933.

"(Sgd)     LEONA KOWALCZYK."

Thereafter demand for payment was made but refused. Plaintiffs assert there was proper protest and notice of nonpayment. Plaintiffs sued on the note and on trial without a jury had judgment against the maker, but as to Mrs. Kowalczyk, the indorser, the circuit judge entered judgment for no cause of action. Plaintiffs have appealed.

Decision in the circuit court was based upon the holding that the indorsement hereinbefore quoted was a qualified indorsement rather than a general indorsement. Determination of this appeal is controlled by a decision of this court which has stood as the law of this State since 1878. The indorsement there passed upon, in legal effect, was identical with that in the instant case. It read:

"I hereby transfer my right, title and interest of the within note to."

In holding that such an indorsement was limited in character, it was said:

"The (blank or unqualified) indorsement upon a negotiable promissory note is something more than the mere transfer of the interest of the payee therein. It includes also the personal undertaking of the indorser that if the note is not paid at maturity, upon notice of that fact he will pay the same. Indeed it goes farther and may pass a perfect title to the indorsee and enable him to recover from the makers, in cases where the payee could not have recovered. The right or interest passing therefore under the usual and customary indorsement is much greater than the mere right, title and interest of the payee, and where the transfer as made only attempts to pass the title and interest of the payee of the note, no greater right or interest than he then held can pass. The transfer in this case gave Yeomans (assignee) the same rights that Aniba (payee) then had, but none other or greater." *Aniba* v. *Yeomans,* 39 Mich. 171.

In a later case, *Markey v. Corey,* 108 Mich. 184 (36 L. R. A. 117, 62 Am. St. Rep. 698), the question of a payee's liability as an indorser was adjudicated, the indorsement being in the following words:

"I hereby assign the within note to." The court held that this was an unqualified indorsement, that it could be and should be distinguished from the one above quoted from the *Aniba* Case; but the holding in the latter case was not overruled, nor, so far as we can ascertain, has it been questioned in any subsequent decision of this court, although it was adverted to in *Gale v. Mayhew,* 161 Mich. 96 (29 L. R. A. [N. S.] 648).

The obvious distinction between the *Markey Case, supra,* and the *Aniba Case, supra,* is that in the former the note as such, including the incidental rights, was assigned, while in the latter case the assignment was not that of the note but instead only the right, title and interest of the holder. We think the state of the law above indicated was not altered by the adoption of the uniform negotiable instruments act in 1905, 2 Comp. Laws 1929, § 9248 *et seq.* The pertinent portion of the statute reads:

"A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse,' or any words of similar import." 2 Comp. Laws 1929, § 9287.

There is decided conflict in the decisions in other jurisdictions as to whether an indorsement of the character of that in the instant case constitutes a qualified indorsement or a general indorsement. The cases are uniform in holding that one who indorses "without recourse" is freed from liability as an indorser. The statute in this State provides that the same result follows if "any words of sim-

ilar import" are used. We think it may be said, because it is a common expression at least in conveying real estate, that when one transfers only "his right, title and interest," that is all he attempts to pass. No implied warranties or guaranties are possible in such cases. This being true it should be held that such words are of similar purport as "without recourse" within the statutory provision.

After the State of North Carolina had adopted as a part of its statutory law the uniform negotiable instruments act, the supreme court of that State held that an indorsement of this character must be construed as a qualified indorsement because of the provision of the negotiable instruments act hereinbefore quoted. In this North Carolina case the indorsement read: "For value received, I herewith transfer and assign all my right, title and interest in and to the within note to J. D. Evans, 1 July, 1899. (Signed) D. A. Askew." The court said:

"But we think the controversy has finally been settled by the 'negotiable instruments law' as recently adopted, Revisal, chap. 54.

" * * * It has been settled in commercial law that a transfer by indorsement of the 'right and title' of the payee or an indorser to a negotiable note is equivalent to an indorsement 'without recourse,' and words such as were used in this case are, therefore, in their meaning or 'import' similar to such an indorsement, and this is their reasonable interpretation" (citing cases). *Evans* v. *Freeman,* 142 N. C. 61, 66 (54 S. E. 847).

Decisions to the same effect have been made in California. In one case the indorsement read: "For value received We/I hereby transfer, assign and

set over unto Charles H. Kane all my/our right, title, interest in and to the within contract/note. George A. Eastman." The court said:

"Nor was this an unqualified indorsement. Section 3119 of the civil code provides that a qualified indorsement may be made by adding to the indorser's signature the words 'without recourse' or any words of similar import; and while the authorities are conflicting * * * it has been held in this and other jurisdictions that an assignment of 'all the right, title and interest' of the payee indorsed upon the instrument is equivalent to an indorsement without recourse, and constitutes him a mere assignor of title who will not be liable as an indorser upon the maker's default." *Kane* v. *Eastman,* 110 Cal. App. 753 (295 Pac. 63).

To the same effect, see *Hammond Lumber Co.* v. *Kearsley,* 36 Cal. App. 431 (172 Pac. 404).

The judgment entered in the circuit court is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.