MAYES MERCANTILE CO. VS HANDLEY.

Opinion rendered June 14, 1907.
On petition for rehearing. Petition denied.
For former opinion see Vol. VI, Ind. Ter. Rep. 357.
(103 S. W. Rep. 599).

LAWRENCE, J. The petitioner for a rehearing urges that this court misapprehended the rule of the law merchant, as applied by it to the indorsement of the promissory note in question, in holding that the writing on the back of the note by plaintiff in error, the words "The Mayes Mer. Co. Transferred to W. H. Handley," did render it liable as an indorser in full, without the limitation or qualification, and that the words

"Transferred to W. H. Handley" were merely surplusage, without significance or meaning. The authorities cited by attorneys for plaintiff in error are not in point, for each of them relate to indorsements or assignments quite different in language and effect from the one under consideration. That which appears to sustain their contention will be found upon careful reading to be mere argument and dictum, and not necessary or germane to the decision of the case. Buckner vs Real Estate Bank, 5 Ark. 542, 41 Am. Dec. 105, involving the construction of a statute relating to bills and notes, which statute was adopted subsequently in this jurisdiction, does not aid in the determination of the case now under consideration, for the question there involved did not relate to the form or language of an indorsement or assignment of negotiable paper, but determined that such contract, being upon a paper separate and distinct from that of the instrument sought to be transferred, did not operate to transfer the legal right and title thereto under the statute of Arkansas or the law merchant. The case of Spencer vs Halpern, 62 Ark. 595, 37 S. W. 711, 36 L. R. A. 120, decided since the adoption of the Arkansas statute here, is referred to with confidence. It was therein decided that an indorsement in the following language and form: "For value received I hereby transfer my interest in the within note to Isaac Halpern. Geo. Spencer"—was a qualified and limited indorsement, and did not fix full and absolute liability upon the indorser, under the statute or the law merchant. In so deciding, the court admitted that it was running counter to a number of respectable authorities. This decision affords no aid in the case at bar, and it is enough to say that it is not an authority.

The adding of the words "Transferred to W. H. Handley" to the blank indorsement of plaintiff in error does not add to or detract from its legal effect, for by it the transfer is absolutely made. Manifestly, it preceded the supposed qualifying words limiting liability. Naturally and necessarily, according to

usage and the common course of the business world, and the law, it embraced all the words of full liability as though expressed at length. The usual and proper mode of limiting liability in such cases is to first make the writing of qualification by apt words. Exactly the contrary course was pursued in this case, and by words that cannot be construed as expressing an intention to limit the indorsement in full, in the absence of some peculiar technical meaning that must be given the words "Transferred to W. H. Handley." Can it be said that they mean the same as "Pay to the order of W. H. Handley?" If so, they would not in any manner change the legal liability of the plaintiff in error. But counsel do not contend for such construction, but that the word "transferred" has the peculiar property when so used, of transmuting the promissory note from one negotiable to one nonnegotiable, and thereby altering the liability of the indorser. We cannot think that a holder of commercial paper should be allowed to juggle with words, and thereby so obscure the meaning as to cause any hesitation in its transfer. There is greater necessity for the rule of strict construction against the endorsement of commercial paper than against the words of a grantor in a deed of conveyance. Commercial paper has become the great medium of exchange in the immense business transactions of the world. It passes rapidly. Millions of dollars are transferred by the stroke of a pen. In these transactions time is of great value, and therefore the tersest expression is sought to convey meaning. The usages of trade have fixed technical meanings to mere phrases or even characters. The rule should be that whoever undertakes to operate in this field shall abide by the rules of strict construction, and if he depart therefrom his action and words should be most strongly construed against his interests and in favor of the one who is asserting a claim upon an unusual and dubious indorsement. It must be conceded that there is much contrariety of judicial opinions upon the question

of what is and what is not a qualified and an absolute indorse-ment. We think the better authority if that of Fassin vs Hub-bard (1874) 55 N. Y. 470, where the indorsement in the words "Bradner & Hubbard, old firm in liquidation," which was insisted to have been made merely for the purpose of trans-ferring title, and precluded the idea of any assumption of liability upon the indorsement, and in which the Court held: "To relieve one who indorses paper from liability as such, he must insert in the contract itself words clearly expressing such an intention."

Therefore the petition for rehearing is denied.

TOWNSEND and CLAYTON, JJ., concur.