## SPENCER *v.* HALPERN.

Opinion delivered October 3, 1896.

COMMERCIAL PAPER—SPECIAL INDORSEMENT.—Where the holder of a negotiable note transfers merely his interest therein before maturity, he will not become liable upon the note in case of the maker's failure to pay at maturity.

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

*W. J. Mayo* and *N. W. Norton* for appellant.

The indorsement in this case was a complete written indorsement, expressing only one thing, *i. e.*, a transfer of title, and there was *no personal liability* as an indorser. This personal liability was *excluded* by operation of the maxim, *Expressio unius, etc.* 32 Ala. 540; 39 Mich. 171; Tiedeman on Com. Pap., p. 442. 1 Dan. Neg. Ins. (4 Ed.), sec. 688*c*, disapproves of the Michigan case, but his contention is without reason and unsound. 47 Iowa, 658, *contra*, is not reasoned out.

*M. J. Manning* for appellee.

There is no distinction in law between an assignment in blank and that made by appellant in this case. His liability is the same, the endorsement only being a little more elaborate. 9 Car. & P. 221; 1 Dan. Neg. Inst. (3 Ed.) sec. 688, *b.* and *c.*; 4 McLean, 173; 47 Iowa, 658; 21 Iowa, 263; 7 Baxter, 498; 24 Kas. 166; 66 Me. 19; Bigelow, Bills and Notes, 134; 44 Md. 573; 59 Ind. 540; 31 Ga. 210; 19 S. E. 601; Tiedeman, Com. Pap. sec. 265.

*W. J. Mayo*, *N. W. Norton*, and *J. M. Prewitt*, in reply.

WOOD, J. Appellant made the following indorsement on two promissory notes held by him, viz.: "For

value received I hereby transfer my interest in the within note to Isaac Halpern. (Signed) Geo. Spencer." The maker having failed to pay at maturity upon demand, is appellant bound as indorser after due notice?

Where a negotiable instrument is indorsed in blank, or in full, the indorser contracts to pay the amount called for by the instrument if it is not paid by the principal on demand at maturity, provided notice of demand and non-payment is duly given. He also contracts that the instrument is genuine, that it is valid, that the parties are competent to make it, and that he has the title and right to transfer it. 1 Dan. Neg. Inst., sec. 669*a*; Tiedeman, Com. Paper, sec. 259. These rights of the indorsee and obligations of the indorser, under an indorsement in blank or in full in the common form, are not expressed, but fixed by implication, under the rules of the law merchant; and when there is such an indorsement, there is nothing for construction. But when the indorsement is in irregular form, and the contract is expressed, it may become, says Mr. Daniel, "a nice question for legal interpretation." But we cannot agree to his interpretation that an indorsement containing an express assignment of "my interest" over one's signature does not "exclude and negative the idea of conditional liability, which the law also imports, if such assignment were not expressed in full." 1 Dan. Neg. Inst., sec 688*c*. That would be true only if the effect of the signature *per se* did nothing more than transfer the *interest* of the signer. But, as we have seen, the indorsement in blank not only transfers the title and interest of the indorser in the instrument, but it does more. It confers the absolute title upon the indorsee, and gives him rights against the maker which the payee himself might not have, and imposes upon the signer all the legal obligations of an indorser mentioned *supra*. *Aniba* v. *Yeomans*, 39 Mich. 171.

We fail to see the application of the maxim "*Expressio eorum quae tacite insunt nihil operatur*" in a case where all the implications of the law following an indorsement in blank, or in full, in the regular form, are not expressed.   On the contrary, it seems clear to us that the payee, by expressing one only of the implications which the law attaches to an indorsement in blank or in full, in the regular way, and that one, too, not imposing any personal liability upon him, excludes every other.   And the maxim "*Expressio unius*," etc., does apply.   *Hailey* v. *Falconer*, 32 Ala. 536.

In Michigan the indorsement was "I hereby transfer my right, title, and interest of the within note to S. A. Yeomans," signed by the payee.   The supreme court held that such an indorsement gave the transferee the same rights that the payee had, "but none other or greater."   *Aniba* v. *Yeomans*, 39 Mich., *supra*.   Mr. Tiedeman says:   "The declaration that the payee assigns or transfers all his *right, title and interest* in the paper would seem to limit in a most effective way the rights acquired by the transferee to those which the transferrer had therein, and thus  prevent the writing from operating as an indorsement."   Tiedeman, Com. Paper, sec. 265.

To avoid the necessity for construction, and the probability of misconstruction, it would always be better for the one desiring to escape the liabilities of an indorser to add the words "without recourse."   But the question here is not what the appellee *should* have done, but what did he *actually do?*  Why should we not let the contract mean and have  the  effect  that  is  plainly expressed by  the  terms  "*my interest*" in  their ordinary acceptation ?

Had the payee intended to be bound as indorser, why use so many words?   Had the transferee expected more than the "*interest*" of the transferrer, why did he

accept the instrument transfering only *his* *"interest?"* We must accept and interpret the completed contract as the parties made it. They have seen proper to express it at length, and have used unambiguous terms. Construing the terms *"my interest"* most strongly against the transferrer, we do not feel authorized to say they mean anything more than simply *"my interest."* They are clearly terms *of limitation,* when used in an indorsement on a negotiable instrument. Compare *Reynolds* v. *Shaver,* 59 Ark. 299.

Counsel for appellee cite us to cases which seem to hold the contrary, but we find in some of these the language of the indorsement is different from that under consideration, and, where similar, the cases are not satisfactory. With due respect to these, and to Mr. Daniel, we must conclude that their conclusions are illogical, and the doctrine they announce unsound.

Reversed and remanded, with directions to sustain the demurrer to appellee's set-off.

BATTLE, J., absent.