[Civil No. 921.   Filed March 30, 1906.]

[85 Pac. 731.]

## JOHN McPHERSON, Plaintiff and Appellant, v. B. HATTICH, Defendant and Appellee.

1. CONTRACTS—BREACH—NON-PAYMENT—WHEN ALLEGATIONS OF NECESSARY. — When one enters into an agreement with another to draw plans and superintend the construction of· a building for an agreed compensation, and afterwards refuses to allow the latter to· perform the services agreed, and fails to pay, the breach consists· in the non-payment and not in the mere refusal to allow performance, and in an action to recover on the contract and to enforce a lien for the agreed compensation, such non-payment must be alleged and proved.

2. PLEADINGS—EXHIBITS—CANNOT SUPPLY OMISSIONS IN.—A statement in an exhibit filed with and made a part of the complaint, cannot be taken as a substantive allegation and supply omissions in the· complaint.

3. SAME—SAME—SAME—NOTICE OF LIEN—NON-PAYMENT—STATEMENT ONLY APPLIES TO TIME OF FILING.—Even if the statement in a notice of lien filed with and made a part of a complaint as an exhibit, that a certain amount was due as compensation under a· contract might be considered as an allegation of the complaint, still it is insufficient as allegation of non-payment, since what may have been true as to the non-payment at the time the lien was filed may not have been true at the time the suit was brought.

4. TRIAL—VERDICT—DIRECTED—FOR FAILURE OF COMPLAINT TO STATE. CAUSE OF ACTION.—Where a complaint is fatally defective in that it fails to state a cause of action the trial court is warranted in. directing a verdict for defendant.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

S. W. Purcell, and Worsely & Van Dyke, for Appellant.

No evidence or proof on non-payment is necessary, even when the action is upon a simple contract and where the first and only breach is the non-payment of the amount due. 22 Am. & Eng. Ency. of Law, and cases cited. Proof of the non-payment of the claim is not required even in California and New York (which inconsistently insist upon the allegation of non-payment, even when the facts are alleged which show a *prima facie* indebtedness). *Melone* v. *Ruffino*, 129 Cal. 514, 79 Am. St. Rep. 123, 62 Pac. 93, overruling early cases; *Cochran* v. *Reich*, 91 Hun, 440, 36 N. Y. Supp. 233. The non-payment was sufficiently alleged under the ruling in *Allen* v. *Patterson*, 7 N. Y. 476, 57 Am. Dec. 542, and *Messenger* v. *Woge*, 20 Colo. App. 275, 78 Pac. 314. The lien being made a part of the complaint, the statement of indebtedness becomes one of the allegations of the complaint and will be presumed to be due at the time of the bringing of the action. Lawson on Presumptive Evidence, rule 29; Jones on Evidence, sec. 53; Rice on Evidence, 69, 95, 98. The better rule, and the one which conforms to the spirit of our code pleading in that where the facts set out in the complaint show a *prima facie* case of indebtedness, no formal statement of non-payment is necessary, but non-payment is presumed as a conclusion of law. *Hummel* v. *Moore*, 25 Fed. 380; *Denver & R. G. Co.* v. *Wilson*, 4 Colo. App. 355, 36 Pac. 67; *State ex rel.* v. *Peterson*, 142 Mo. 526, 39 S. W. 453, 40 S. W. 1094; *Wheeler* v. *Tensley*, 75 Mo. 458; *Stevens* v. *Thompson*, 5 Kan. 305; *St. Louis Electric etc. Ry. Co.* v. *Grove*, 39 Kan. 731, 18 Pac. 958; *Ebensen* v. *Hover*, 2 Colo. App. 467, 33 Pac. 1008; Abbott's Trial Brief Pleadings, sec. 191, p. 174, sec. 638, p. 538; *Salisbury* v. *Stinson*, 10 Hun, 242; *Hubler* v. *Pullen*, 9 Ind. 273, 68 Am. Dec. 620; Bliss's Code Pleading, sec. 357; Jones on Law of Evidence, sec. 176 and cases cited; *McKyring* v. *Bull*, 16 N. Y. 297, 69 Am. Dec. 696; *Smith's Appeal,* 52 Mich. 415, 18 N. W. 195. The universal rule is that payment is an affirmative defense and must be alleged. *Hummel* v. *Moore*, 25 Fed. 380; *Lent* v. *New York etc. Ry. Co.*, 130 N. Y. 504, 29 N. E. 988; *Hubler* v. *Pullen*, 9 Ind. 272, 68 Am. Dec. 620; *Edson* v. *Dillaye* 8 How. Pr. 273; Van Santvoord's Pleadings, pp. 406, 407, 455; 16 Ency. of Plead. & Prac.,

p. 174. Defendant's failure to demur and in answering and proceeding to trial waived all formal defects or irregularities in the complaint, if any. Bliss's Code Pleading, sec. 436; 6 Ency. of Plead. & Prac., p. 372; *Messenger* v. *Woge,* 20 Colo. App. 275, 78 Pac. 314; *Bowen* v. *White,* 26 R. I. 68, 58 Atl. 252. The allegation of non-payment being a formal allegation and "not a necessary ingredient in a cause of action," as decided in *Melone* v. *Ruffino,* 129 Cal. 514, 79 Am. St. Rep. 123, 62 Pac. 93, and not being an allegation which required proof to sustain, is a mere formal pleading in the states where required. *Frisch* v. *Caler,* 21 Cal. 71; *Green* v. *Palmer,* 15 Cal. 412, 76 Am. Dec. 492.

The breach of the contract in this action was not non-payment, but the repudiation and abandonment of and refusal of the defendant to permit plaintiff to complete the performance of the contract, and the said repudiation, abandonment and refusal of defendant to allow plaintiff to complete the contract obviated the necessity of performance and gave plaintiff the right to sue at once for breach of the contract. Clark on Contracts, sec. 272, 649; 7 Wait's Actions and Defenses, 425; 7 Am. & Eng. Ency. of Law, p. 150, and cases; 6 Cyc. 742; *Bennett* v. *Morton,* 46 Minn. 113, 48 N. W. 678; *Haskell* v. *McHenry,* 4 Cal. 411; and brief in note to *Timberlake* v. *Thayer,* 24 L. R. A. 231.

As applied to the services of an architect. *Hutchinson* v. *Conway,* 34 Nova Scotia, 554; *Havens* v. *Donahue,* 111 Cal. 297, 43 Pac. 962.

The said breach relieved the necessity of demand. 7 Am. & Eng. Ency. of Law, p. 150; 7 Wait's Actions and Defenses, 364 and 366. Also the necessity of alleging non-payment, for the breach was a repudiation of the contract and that only needs to be alleged. *Franz* v. *Bieler,* 126 Cal. 179, 56 Pac. 249, 58 Pac. 466; *Wise* v. *Hogan,* 77 Cal. 184, 19 Pac. 228.

Kingan & Wright, for Appellee.

The breach of the contract did not lie in the repudiation of same by Hattich, but it did lie, if at all, in the non-payment of the contract price by Hattich. The breach in all contracts which provide for the payment of money lies in the non-payment of the money. "In an action on a contract for the pay-

ment of money, it must be alleged that the defendant has not paid the indebtedness for which the action is brought. Many authorities are cited in support of this contention." 4 Ency. of Plead. & Prac., p. 942. See *Richards* v. *Travellers' Ins. Co.*, 80 Cal. 505, 22 Pac. 939. Facts material to a plaintiff's cause of action and essential to be proved, to entitle him to a judgment, must be pleaded. No presumption can be indulged in that the defendant has failed in his duty or omitted to perform his contract obligation. In an action upon an alleged indebtedness, an allegation in the complaint of non-payment is essential. *Lent* v. *New York etc. Ry. Co.*, 130 N. Y. 504, 29 N. E. 988.

SLOAN, J.—This suit was brought by appellant, John McPherson, against appellee, B. Hattich, in the District court of Pima County, to recover upon a contract between appellant and appellee, wherein the former agreed to draw plans and specifications as an architect for a certain building to be erected upon a lot in the city of Tucson owned by appellee, and to superintend the construction thereof for a stipulated per cent of the cost thereof, and wherein the appellee agreed to pay for such services at the rate of the percentage aforesaid; and also to foreclose a lien filed by the appellant upon said property for the amount of said agreed compensation. The notice of lien was referred to in the complaint as constituting a part thereof, and attached to the same as an exhibit. The complaint charged that appellant, after he had partially performed the services agreed upon, was prevented from further performing said services by the acts of appellee. There was no allegation in the complaint that the agreed compensation had not been paid by appellee, nor was there any direct allegation that any sum was due appellant from appellee by reason thereof. There was a statement in the notice of lien that the sum of seven hundred and fifty dollars was due appellant from appellee as compensation due under said contract at the agreed per cent of the cost of said building. The answer filed by the appellee admitted the residence of the parties, the ownership of the property described in the complaint, the filing of the notice of lien as alleged therein, and denied the remaining allegations of the complaint. The cause was

tried to a jury. The evidence put in by plaintiff related to the making of the contract sued upon, the work done by him under the contract, and the refusal of appellee to permit appellant to proceed with the work of drawing plans and specifications for the building, and to superintend its erection. No proof was offered or put in by appellant showing non-payment on the part of appellee of the agreed compensation. At the conclusion of appellant's case counsel for appellee moved the court to instruct the jury to return a verdict in his favor on the ground that the appellant had not made out his case. Thereupon the court did so instruct the jury, and a verdict for the appellee was returned. In accordance with the verdict the court entered judgment in favor of the appellee and against the appellant. From the ruling of the court denying appellant's motion for a new trial and from the judgment, the appeal is taken.

In the judgment it is recited that the grounds upon which the trial court based its instructions to the jury to return a verdict for the appellee were that it was not alleged in the complaint, nor proven by appellant upon the trial, that he had not been paid for his services. The correctness of this ruling of the court constitutes the sole question raised by the assignments of error. The first question presented is what constitutes a breach of a contract for the rendition of services as an architect and superintendent of construction on the part of the person for whom such services are to be rendered, where the latter refuses to permit the former to complete the work agreed to be done. Appellant argues that the breach consists in his refusal to permit the architect to perform the agreed services, that is to say, it consists in the repudiation and abandonment of the contract by the owner of the premises, and does not consist in the non-payment of the agreed compensation. In determining this we have only to consider the question as to what the owner is obligated to do, and what will constitute a full compliance on his part with his contract. In this respect it does not differ from other contracts for the rendition of services on the one part and the payment of an agreed price, or the value of the services by the other. The payment, therefore, of such agreed price, or the value of the services, as the case may be, on the part of the person for whose benefit

the services are agreed to be rendered, is a complete dis-
charge by him of his obligation. If the person who agrees
to perform such services be paid for the same the other
party has fully discharged his obligation, and nothing
further can be required of him. The breach, therefore, on
his part consists in his failure or refusal to pay for the work
done or agreed to be done. In the case at bar, therefore,
the breach, if any there was, consisted in the refusal or
failure of appellee to pay appellant for what was due the
latter under the contract. This being true non-payment
was an essential allegation of the complaint and a necessary
averment to make out a breach of the contract. We do not
think that the statement in the notice of lien, filed as an
exhibit with the complaint and made a part thereof, can be
taken as a substantive allegation of the complaint and to
supply its omission to plead by direct averment the non-
payment of whatever may have been due appellant under
the contract. In most code states an exhibit cannot be
referred to for the purpose of supplying the omission of
a material allegation or the curing of a fatal defect.
*Macdonell* v. *International etc. Co.,* 60 Tex. 590; *Burkett* v.
*Griffith,* 90 Cal. 542, 27 Pac. 527, 13 L. R. A. 707, 25 Am.
St. Rep. 151; *Brooks* v. *Paddock,* 6 Colo. 36; *Pomeroy* v. *Ful-
lerton,* 113 Mo. 440, 21 S. W. 19. In a few states, as in
Nebraska, this may be done even to the extent of supplying
such a defect. The better rule, in our judgment, is that the
office of an exhibit should be limited to the aiding, by
amplifying and making more definite and certain, essential
allegations of the complaint. In this case, even if the ex-
hibit be referred to for the purpose of supplying the omitted
allegation, still non-payment cannot be said to be alleged
for the reason that, what may have been true as to the non-
payment at the time the lien was filed, may not have been
true at the time suit was brought; and as we hold that non-
payment is the gist of the action, this does not present a
case for the application of the rule that a state of facts once
shown to exist will be presumed to continue in the absence
of contrary proof.

It is argued by appellant that, admitting the soundness
of this rule of pleading, such a defect in the complaint is
not ground for an instruction to a jury to find for the de-

fendant. We do not understand this to be the rule. The true rule is that where a complaint fails to state a cause of action it is subject to attack at any stage of the trial, and may be taken advantage of by demurrer, by objection to the introduction of evidence, or, as was done in the case at bar, by an instruction to the jury. There is some contrariety in the holdings of the courts in reference to the necessity of proving non-payment by a plaintiff. In California, and some other states, it is held that although non-payment must be alleged it need not be proven by the plaintiff. Whether this holding be logical or not, and whether this court should follow it, it is unnecessary to decide, inasmuch as we hold that the complaint is fatally defective, and that the defect was such a one as warranted the instructed verdict.

The judgment is therefore affirmed.

KENT, C. J., DOAN, J., and NAVE, J., concur.