## COPELAND v. BURK et al.

No. 7323—Opinion Filed June 27, 1916.
(158 Pac. 1162.)

**1. Bills and Notes—Indorsement—Validity.**

A qualified indorsement on a negotiable instrument may be made by adding to the indorser's signature the words, "Without recourse," or words of similar import.

**2. Same.**

The words: "I transfer my right, title and interest in same. J. M. Burk"—written upon the back of a negotiable instrument, by the payee, is not a qualified indorsement, and such payee is liable thereon as an ordinary indorser.

(Syllabus by Edwards, C.)

Error from District Court, Oklahoma County: Geo. W. Clark, Judge.

Action by J. A. Copeland against J. M. Burk and another. Judgment for defendants, and plaintiff brings error. Reversed.

Walter, Hilpirt & Callihan and W. J. Weaver, for plaintiff in error.

Bennett & Pope, for defendants in error.

Opinion by EDWARDS, C. The parties will be referred to as plaintiff and defendant, according to their positions in the lower court. The plaintiff sued the defendant and one E. S. Messengill in the district court upon a negotiable promissory note executed by said Messengill to the defendant. J. M. Burk, payee, and by the said defendant transferred to the plaintiff by memorandum upon the back of the note in these words. "I transfer my right, title and interest in same. J. M. Burk." The petition is in the ordinary form, alleging the making of the

note, its transfer for a valuable consideration before maturity, with a copy of the note and indorsement thereon attached. The defendant Burk demurred, assigning the reason that the petition did not constitute a cause of action against him. The demurrer was sustained. The plaintiff elected to stand upon his petition. Judgment was thereupon rendered for defendant for costs, and the plaintiff appeals.

The only assignment of error is that the court erred in sustaining the demurrer of defendant to the petition of plaintiff.

The case must be determined by the meaning and effect to be given the words preceding the signature of the defendant upon the back of the note in controversy. Do the words used constitute the defendant an indorser in due course, and as such liable for the payment of the note, or, is he a mere assignor? Sections 4088 and 4113, Revised Laws 1910, with reference to qualified indorsement, read as follows:

"Qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'Without recourse.' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument."

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

It will be seen that a special indorsement does not destroy the negotiability of a note, and the question of negotiability does not enter into the case. There are two widely divergent lines of authority in cases of this kind, one line holding that a memorandum of similar import to that here used exempts the indorser from personal liability or constitutes him a mere assignor. One of the leading cases sustaining this line of holding is Hailey v. Falconer, 32 Ala. 536, in which it is held that an indorsement in these words:

"For value received this 28th day of February, 1850, I transfer unto John P. Hailey all my right and title in the within note, to be enjoyed in the same manner as may have been by me"

—exempts the indorser from personal liability on the note. Another authority, strongly sustaining this line, is Spencer v. Halpern, 62 Ark. 595, 37 S. W. 711, 36 L. R. A. 120, the indorsement in that case being in these words:

"For value received, I hereby transfer my interest in the within note to Isaac Halpern. Geo. Spencer"

—the court in the course of the opinion saying:

"Had the payee intended to be bound as indorser, why use so many words? Had the transferee expected more than 'the interest' of the transferor, why did he accept the instrument transferring only his interest? We must accept and interpret the completed contract as the parties made it. They have seen proper to express it at length, and have used unambiguous terms. Construing the terms, 'my interest,' most strongly against the transferor, we do not feel authorized to say they mean anything more than simply 'my interest.'"

The court in this case adopts the maxim, "Expressio unius est exclusio alterius," and rejects the maxim, "Expressio eorum quae tacite insunt nihil operatur." This line is further sustained by Tiedeman on Commercial Paper, sec. 265:

"The declaration that the payee assigns or transfers all his right, title and interest in the paper would seem to limit in a most effective way the right acquired by the transferee to those which the transferor had therein, and thus prevent the writing from operating as an indorsement."

The other line of authority is to the effect that an indorser, in order to limit his personal liability, must do so by words clearly expressing such intent. Some of the decisions sustaining this line are as follows: The early English case of Richards v. Franklin, 9 Car. & P. 221, cited by Mr. Tiedeman, in which the indorsement was in these words:

"I hereby assign this draft and all benefit of the money secured thereby to John Grainger of Bessilsleigh, in the county of Berks, laborer; and order the within named Thomas Fox Hitchcock to pay him the amount and all interest in respect thereof"

—which was held to be merely an ordinary indorsement. Daniel on Negotiable Instruments. sec. 688c, reads:

"The question arising in such cases is a nice one, and depends upon rules of legal interpretation. The mere signature of the payee, indorsed on the paper, imports an executed contract of assignment, with its implications, and also an executory contract of conditional liability, with its implications. The assignment would be as complete by the mere signature as with the words of assignment written over it. The conditional liability which is executory is implied by the executed contract of assignment and the signature under it, which carries the legal title; and the question is, Does the writing over a signature of an express assignment, which the law imports from the signature per se, exclude and negative the idea of conditional liability, which the law also imports if such assignment were not expressed in full? We

think not. * * * When the thing done creates the implication of another to be done, we cannot think that the mere expression of the former in full can be regarded as excluding its consequences, when that consequence would follow if the expression were omitted."

The most often cited authority is the case of Sears v. Lantz & Bates et al., 47 Iowa, 658, in which the indorsement was in these words:

"December 18th, 1876. I hereby assign all my right, and title to Louis Meckley. John Bowman"

—which the court held to be equivalent to an indorsement of the note, and bound the assignor as an indorser, the court following the earlier case of Sans v. Wood, 1 Iowa, 263, in which the same holding was made upon an indorsement in these words, "I assign the within note to Miss Sarah Coffin." The same holding is made in the case of Adams v. Blethen, 66 Me. 19, 22 Am. Rep. 547, upon a similar indorsement. In the case of Citizens' National Bank v. Walton, 96 Va. 435, 31 S. E. 890, the court holds:

"Writing on back of negotiable note, signed by one of its two payees, 'For value received. I hereby assign and transfer to F. all right, title, and interest that I may have in the within note,' renders him liable to an innocent holder as an indorser, and not as an assignor, and without regard to the equities between him and the other payee, though F. be such payee."

In the case of Markey v. Corey, 108 Mich. 184, 66 N. W. 493, 36 L. R. A. 117, 62 Am. St. Rep. 698, it is held:

"The negotiability of a promissory note is not destroyed because of an indorsement thereon that it is given in accordance with a certain contract, although the note is one of a series which, by the terms of such contract, were to become payable, at the option of the payee, on failure to pay any of them."

The court in this case follows the Iowa cases above referred to, and says:

"The usual mode of transfer of a promissory note is by simply writing the indorser's name upon the back, or by writing also over it, the direction to pay the indorsee named, or order, or to him or bearer. An indorsement, however, may be made in large terms and the indorser be held liable as such."

The Supreme Court of Minnesota, in the case of Maine Trust & Banking Co. v. Patrick J. Butler, 45 Minn. 506, 48 N. W. 333, 12 L. R. A. 370, in a well-reasoned case, follows the doctrine laid down in Daniel on Negotiable Instruments, and cites with approval the Iowa and Maine cases above referred to, and adopts the latter maxim referred to by the Arkansas court in the case of Spencer v. Halpern, supra. In the case

considered by the Minnesota court the indorsement was in these words:

"For value received I hereby assign and transfer the within note, together with all interest in and all rights under the mortgage securing the same, to L. D. Cooke"

—and the court held that this was not a qualified indorsement, and that the payee was liable as an ordinary indorser.

This question not having heretofore been presented to this court, we feel constrained to adopt the construction placed upon the indorsements of this character by the last-cited line of authorities, as supported by the better reasoning and more in consonance with the commercial needs of the day. In these modern times commercial paper has come to play a very large part in the business life of the country. Commerce is carried on by means of business credit. Commercial paper in great volume continuously passes current by indorsement. The effect of and the liability incurred by an indorsement is a matter of common knowledge. The phrase, "without recourse," as employed in such business transactions, is in everyday use, and we can hardly conceive of a person engaged in business affairs of importance, as was the defendant in this case, who is not familiar with its use and meaning. If the defendant did not intend to be bound by his indorsement on the note in question, he should have used some words which would clearly indicate that he was not an ordinary indorser. The very terms of our statute (section 4088, Revised Laws 1910), supra, specify that the indorsement may be qualified by the use of the words, "without recourse," or words of similar import. In our judgment the defendant has not so qualified his indorsement and is liable.

It follows that the judgment must be reversed.

By the Court: It is so ordered.