[Civ. No. 2103.  Second Appellate District.—March 2, 1918.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. FRANCIS T. KEARSLEY et al., Defendants; FRED L. STOCKS et al., Respondents.

PROMISSORY NOTE—ASSIGNMENT OF ALL INTEREST—QUALIFIED INDORSEMENT.—In view of section 3118 of the Civil Code, providing an indorser of a promissory note may qualify his indorsement with the words, "without recourse," or equivalent words, and upon such indorsement be responsible only to the same extent as in the case of a transfer without indorsement, the assignment by the payees of a promissory note of "all of our interest in this promissory note" is a qualified indorsement, and upon the maker's default, such payees are not liable as indorsers.

APPEAL from a judgment of the Superior Court of Los Angeles County.  E. T. Zook, Judge Presiding.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Harry M. Irwin, for Respondents.

WORKS, J., *pro tem.*—The defendants Stocks, who are also the respondents, delivered to the appellant a certain promissory note secured by trust deed, after writing on the back thereof, over their signatures, the following: "For value received we hereby assign all of our interest in this promissory note of $757.66, dated April 23, 1913, signed by Francis T. Kearsley and C. B. Kearsley, to Hammond Lumber Company, a corporation." Two of the respondents were payees of the note and the third was the wife of one of the others. This action was commenced against the makers of the note and against the respondents upon their assumed liability as

indorsers under the terms of the instrument above quoted. The makers defaulted and judgment was entered against them; but judgment was rendered in favor of the respondents. The plaintiff appeals.

The appellant contends that a liability as indorsers rests upon the respondents and cases are cited, in support of the position, to the effect that an assignment written on the back of a note by the payees named in it is not different from an indorsement by them in blank, and that they are liable as indorsers in the one instance as in the other. There are many cases which so decide, but they are cases in which the assignments were transfers, without words of qualification, of the instruments upon the backs of which they were written. The assignment in question here conveys "all of our interest in this promissory note," which is quite different from such an indorsement as, for instance, "we hereby assign the within note." The respondents cite many cases which point out the difference, in legal effect, between two such indorsements. We do not present a citation of those cases, but content ourselves with quoting from one of them, *Evans* v. *Freeman,* 142 N. C. 61, 66, [54 S. E. 847, 849], in which the court, speaking of a section of the negotiable instruments law of the state, said: "A qualified indorsement may, by the express terms of that section, be made by adding to the indorser's signature the words 'without recourse, or any words of similar import.' It has been settled in commercial law that a transfer by indorsement of the 'right and title' of the payee or an indorser to a negotiable note is equivalent to an indorsement 'without recourse,' and words such as were used in this case are therefore in their meaning or 'import' similar to such an indorsement, and this is their reasonable interpretation. (1 Daniel, secs. 700 and 700a; Norton on Bills and Notes, 3d ed., p. 120; *Hailey* v. *Falconer,* 32 Ala. 536; *Rice* v. *Stearns,* 3 Mass. 225, [3 Am. Dec. 129]; Randolph on Commercial Paper, 2d ed., secs. 721, 722, 1008; *Goddard* v. *Lyman,* 14 Pick. (Mass.) 268; *Borden* v. *Clark,* 26 Mich. 410; Eaton & Gilbert on Commercial Paper, sec. 61."

This decision, and the others cited by respondents, bring the present case within the terms of section 3118 of the California Civil Code, which, with our own italics, is as follows: "An indorser may qualify his indorsement with the words, 'without recourse,' *or equivalent words;* and upon

such indorsement, he is responsible only to the same extent as in the case of a transfer without indorsement.'' The propriety of such a construction as we place on the assignment executed by respondents is plain. They conveyed all of their interest in the note. To permit the appellant to hold them as indorsers would be to allow it to exercise a right which was not within nor a part of that interest.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.