[Civil No. 2041.  Filed January 15, 1923.]

[211 Pac. 858.]

## HEBER K. RHOTON, Appellant, v. GEORGE WOOLFORD, Appellee.

1. PARTIES — FAILURE TO RAISE IN ANSWER QUESTION OF HOLDER'S RIGHT TO SUE INDORSER ALONE HELD WAIVER.—In action against an indorser of a note, where the maker should have been made a party defendant, or one of the reasons of Civil Code of 1913, paragraph 408, for not doing so should have been set out, by failing to raise them in his answer, defendant waived them.

2. BILLS AND NOTES — FAILURE TO RAISE IN ANSWER QUESTION OF PRESENTMENT TO MAKER FOR PAYMENT HELD WAIVER.—In action against an indorser of a note, where plaintiff should have alleged and proved presentment for payment to the maker, under Civil Code of 1913, paragraph 4227, such presentment is waived by failure to raise the question.

3. BILLS AND NOTES—FAILURE TO FORECLOSE CHATTEL MORTGAGE DID NOT AFFECT HOLDER'S RIGHT OF ACTION AGAINST INDORSER.—There is no legal obligation on the holder of a note to first endeavor to collect it out of mortgaged property before bringing suit against an indorser.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Affirmed.

Mr. Thorwald Larson, for Appellant.

Mr. Sidney Sapp, for Appellee.

ROSS, J.—The subject matter of this suit is a promissory note of one J. M. Murphy for $300, payable to defendant, Rhoton, and by him indorsed in blank to plaintiff, Woolford, for a valuable consideration, before maturity. The note is set out in the complaint, with apt allegations of its indorsement to plaintiff, the amount due thereon, and demand of defendant for payment.

The defendant, without demurring, answered the complaint and admitted that he sold and assigned the note to plaintiff for a valuable consideration, and that plaintiff was the owner and holder thereof; alleged that the note was secured by chattel mortgage on four head of horses; that plaintiff allowed, or permitted, the mortgagor, Murphy, to remove said animals, with the exception of one which he took into his possession, from the jurisdiction of the court, and made no effort to foreclose the mortgage or to collect thereon. It is alleged that plaintiff, having acquiesced in the removal of the security from the state, and having foreclosed the chattel mortgage by seizing one of the horses and converting the same to his own use, is estopped to claim the defendant is liable for balance of the note.

A trial was had before the court without a jury. The court found that the plaintiff did receive one horse covered by the chattel mortgage, allowed the defendant a credit therefor in the sum of $75, and gave judgment against defendant for the balance of the note. The defendant appeals from the judgment, and makes several assignments of error, most of them being irrelevant to the issues as made by the pleadings.

The only defense to the note as set out in the answer is that plaintiff failed or neglected to exercise his right, as assignee of the chattel mortgage, to reduce the mortgaged property to his possession and apply it, or its proceeds, in the payment of the note. Assignments, therefore, such as "the court erred in sustaining objection to the introduction of evidence showing an oral or written agreement between the plaintiff and defendant other than the note and its assignment," or "in rendering judgment for plaintiff when the complaint failed to allege presentment for payment at maturity, or facts excusing such presentment," are aside from any questions made by the pleadings. No questions of the kind are made by the pleadings. It is apparent that the complaint was defective, but it was not demurred to, nor did the defendant in his answer raise the questions he now insists upon.

The maker of the note should have been made a party defendant, or one of the statutory reasons for not doing so, as that he was a nonresident, etc., or dead, or actually or notoriously insolvent, should have been set out in the complaint. (Paragraph 408, Civ. Code.) But, as these facts only go to the right to sue the indorser alone, and not to the cause of action, they may be waived, and, by failing to raise them in his answer, defendant has waived them. The same may be said with regard to the presentment to the maker for payment. It is doubtless true that plaintiff should have alleged and proved presentment for payment to the maker, but such presentment, too, may be waived. (Paragraph 4227, Id.)

The only assignment that bears upon the issues made is that the judgment was erroneously entered for the plaintiff, because he failed to foreclose the mortgage, the evidence showing he had notice and knowledge that the mortgagor intended to remove

the security out of the state. But, as we understand the law, there was no legal obligation upon the part of the plaintiff to first endeavor to collect the note out of the mortgaged property before bringing suit against the defendant indorser. He was at liberty to sue the defendant upon his personal contract of indorsement.

As was said by the court in *Kinsel* v. *Ballou,* 151 Cal. 754, 91 Pac. 620, quoting from *Carver* v. *Steele,* 116 Cal. 116, 58 Am. St. Rep. 156, 47 Pac. 1007:

"In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the original debtor. . . . Accordingly the rule is that the creditor loses no rights against the indorser, whose liability has become fixed, by mere failure to enforce his lien against the property mortgaged for security for the debt."

Besides, the court specifically found that the plaintiff "exercised the greatest diligence endeavoring to recover the property described in said mortgage given for the purpose of securing the note herein sued upon."

The other assignments of error are that the evidence does not support the judgment, and that the judgment is contrary to the law; that the court erred in the admission of testimony over the objection of the defendant, and in the rejection of testimony offered by the defendant. These assignments are indefinite. However, we have examined the evidence and are of the opinion that it substantially supports the judgment.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.