[Civ. No. 1017.   Fourth Appellate District.—December 12, 1932.]

JAMES H. MATHES, Appellant, v. ADELLE M. BANGS et al., Defendants; KATHERYN SINNIGE, Respondent.

S. G. Ingle and Allen E. Rogers for Appellant.

Wm. H. Wylie and Geo. A. Malette for Respondent.

JENNINGS, J.—Plaintiff brought this action to recover a balance due and unpaid on a promissory note executed by defendant Adelle M. Bangs and the indorsement thereon signed by defendant Katheryn Sinnige. The complaint alleged that the note was executed on July 3, 1929; that Katheryn Sinnige was named as payee therein; that payment of the note was secured by a certain deed of trust; that such security had been wholly exhausted prior to the institution of the action; that prior to its maturity the note was indorsed and transferred by the payee to plaintiff;

that at the time the note was transferred to plaintiff, the payee in addition to indorsing the note and for the purpose of inducing plaintiff to purchase the note, unconditionally guaranteed to plaintiff the payment of all sums mentioned therein; that plaintiff, in consideration of said guaranty and the transfer of said note to him purchased the note from said payee and paid to said payee the sum demanded by her; that after the note was thus transferred it became due and payable; that the real property covered by the deed of trust was duly sold and the proceeds of such sale applied upon the note, leaving due and unpaid the balance for whose recovery the suit was brought. The defendant Adelle M. Bangs made no appearance in the action and judgment by default was duly entered against her. Defendant Katheryn Sinnige filed an answer to plaintiff's complaint and upon the issues raised by the pleadings, the action proceeded to trial. Upon the conclusion of the trial judgment was rendered in favor of defendant Katheryn Sinnige. From the judgment thus rendered and from the order denying his motion for a new trial plaintiff appeals.

The single question presented by this appeal is whether appellant was entitled to prove by parol evidence that, at the time the note was indorsed and transferred to him, the respondent verbally guaranteed payment of the note. Appellant's offer to make such proof was refused by the court upon objection by respondent that it was inadmissible because it amounted to an attempt to vary the terms of a written contract. Respondent's indorsement which furnished the basis for the court's refusal of the proffered evidence is in the following form:

"San Diego, California, 7-28-30.

"For Value Received, I hereby assign to James H. Mathes all of my right, title and interest in and to the within note, together with all right accrued or to accrue under Deed of Trust securing same, so far as the same relates to this note.

"KATHERYN SINNIGE."

It may be taken as settled in California that an indorsement containing the phraseology which appears in the indorsement under consideration is equivalent to an indorsement "without recourse". (*Hammond Lumber Co.*

v. *Kearsley*, 36 Cal. App. 431 [172 Pac. 404]; *Kane* v. *Eastman*, 110 Cal. App. 753 [295 Pac. 63].) It is, however, urged that although the indorsement amounted to a qualified indorsement, the effect produced thereby was to make the indorser responsible to the same extent as in the case of a transfer without indorsement and that appellant should have been permitted to show that, when the note was transferred respondent verbally agreed to guarantee its payment. Appellant's contention in this regard is not only ingenious but possesses some merit. Nevertheless, we are constrained to the opinion that its acceptance would do violence to the plain meaning of the phrase "without recourse". By the use of phraseology so restrictive in character an indorser plainly indicates an intent not to assume responsibility for payment of the note upon its maturity. (Vol. 7, Words and Phrases, 3d ed., p. 1068; 3 R. C. L., sec. 376, p. 1159.) As was said in *Cameron* v. *Ham*, 23 Ohio App. 359 [155 N. E. 655, 656], such an indorsement constitutes the indorser a mere assignor of title to the paper. Section 3119 of the Civil Code is in the following language: "Qualified Indorsement. A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument."

Since the indorsement herein which, as we have shown, is equivalent to an indorsement "without recourse" clearly indicates the indorser's intent not to assume responsibility for payment and to become no more than a mere assignor of the title to the instrument it necessarily follows that evidence tending to show that the indorser verbally guaranteed payment is inadmissible. (Code Civ. Proc., sec. 1856; *Payette Bank* v. *Ingard*, 34 Idaho, 295 [200 Pac. 344]; *Smith* v. *Barner*, 95 Or. 486 [188 Pac. 216]; *Youngberg* v. *Nelson*, 51 Minn. 172 [53 N. W. 629, 38 Am. St. Rep. 497]; *Bird* v. *Kay*, 40 App. Div. 533 [58 N. Y. Supp. 170].)

The judgment and order from which this appeal is taken are therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

174

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1933.