COLONIAL FINANCE COMPANY, INC. *v.*
MICHAEL BRODSKY

COURT OF COMMON PLEAS     FAIRFIELD COUNTY     FILE NO. 54659

Memorandum filed October 9, 1952.

*Mellitz & Krentzman,* of Bridgeport, for the Plaintiff.

*Philip Reich,* of Bridgeport, for the Defendant.

COTTER, J. This is an action by the assignee of the payee against the indorser of a note.

The note, dated April 4, 1950, was made by Fairway Motor Sales, Inc., to the order of Airway Motor Sales, Inc. The note was then indorsed by the latter and the defendant, Michael Brodsky. It was transferred thereafter to the plaintiff, Colonial Finance Co., Inc.

The note was secured by the conditional bill of sale of a 1950 Buick automobile which was assigned to the plaintiff corporation. In February, 1951, it was learned that the automobile had been taken out of the state of Connecticut and kept in New York by a former officer of Fairway Motor Sales, Inc., Charles Kramer.

On several occasions the defendant notified the plaintiff that he suspected the car was out of the state and was to be disposed of in violation of the conditional bill of sale contract. Sometime in May, 1951, the defendant, through his attorney and a New York private detective agency, had the automobile picked up in the state of New York.

The last payment upon the note was made February 12, 1951. It was in default in March, 1951. Suit was begun by the plaintiff by writ dated March 30, 1951.

The plaintiff did not resort to the security to satisfy its claim. It did not repossess the car or show an interest in reaching the security. The defendant thereupon claims that the failure of the plaintiff to "take action in protection of the defendant's rights" in this connection is a defense to this action upon the note.

Where the holder of a note fails to foreclose a chattel mortgage when he has notice and knowledge that the mortgagor intends to remove the security out of the state, it has been held that "there was no legal obligation upon the part of the plaintiff to first endeavor to collect the note out of the mortgaged property before bringing suit against the defendant indorser. He was at liberty to sue the defendant upon his personal contract of indorsement." *Rhoton* v. *Woolford,* 24 Ariz. 562, 565.

In the absence of a statute or special agreement, the holder of a note owes no duty to enforce collateral security and need not act promptly to do so. Failure or delay to enforce the collateral security will not operate to discharge the indorser from liability upon the note. If the indorser wishes to have the collateral security enforced he must pay the note and enforce the security himself. 10 C.J.S. 783; 8 Am. Jur. 470, § 819. Accordingly, "the holder of a

promissory note is entitled to actual payment of it. This right the mere act of the law never takes from him, and so long as he remains passive, or does no act to impair this right, he may enforce such payment from any or all the parties liable." *Couch* v. *Waring,* 9 Conn. 261, 264.

The issues are found for the plaintiff to recover the balance remaining due on the note of $1247.82, to which is added interest of $124.50 and a reasonable attorney's fee in the amount of $250.00.

Judgment may enter for the plaintiff to recover $1622.32, plus costs.