35218.   McCULLOUGH *v.* STEPP.

DECIDED NOVEMBER 22, 1954.

*Haas, White, Douglas & Arnold, George A. Haas,* for plaintiff in error.

*McCord & Cooper, Wayne H. Fore,* contra.

FELTON, C. J.  ■  The indorsement in and of itself was not a qualified indorsement. Code § 14-409 provides: "A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words, 'without recourse', or any words of similar import. . ." The words, "I hereby transfer my right to this note over to W. E. McCullough," are not words of similar import to "without recourse." *Hurt* v. *Wiley,* 18 *Ga. App.* 420 (2) (89 S. E. 494); 10 C. J. S. 703, § 214; 8 Am. Jur. 61, § 325; Fay *v.* Witte, 262 N. Y. 215 (186 N. E. 678); Britton's Handbook on the Law of Bills & Notes, p. 230.

■ In Georgia, indorsements may be special, in blank, restrictive, qualified, or conditional. Code § 14-404. A special indorsement specifies the person to whom, or to whose order, the instrument is to be payable, and the indorsement of such indorsee is necessary to the further negotiation of the instrument. An indorsement in blank specifies no indorsee, and an instrument indorsed in blank is payable to bearer and may be negotiated by delivery. Code § 14-405. In the instant case an indorsee was named and his indorsement was necessary to a further negotiation of the instrument. Therefore the indorsement here was a special indorsement. *Chandler* v. *Smith,* 147 *Ga.* 637, 638 (2, 3) (95 S. E. 223); Fay *v.* Witte, supra. The indorsement being a special indorsement in full, the defendant could not contradict the terms thereof and show that the indorsement was intended to be a qualified one, in the absence of fraud or mistake. *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605 (2); *Odom Realty Co.* v. *Central Trust Co.,* 22 *Ga. App.* 711 (1) (97 S. E. 116). The only question presented in this case is the effect of the indorsement, and no questions of conditional delivery or the capacity of the indorser are involved.

The court erred in overruling the demurrer to the allegation in the answer set out above. Such error rendered all further proceedings in the case nugatory.

The motion for rehearing having been granted, on rehearing the judgment of affirmance previously entered in this case is

vacated, the original opinion is withdrawn, the judgment of the trial court is reversed, and the foregoing opinion is substituted for the original opinion filed herein. *Quillian and Nichols, JJ., concur.*