379 P.2d 910

Rufus C. COULTER, Jr., as Ancillary Administrator with the Will Annexed of the Estate of Clyde H. Harvey, Deceased, and Caroline Harvey, Appellants,

v.

W. O. STEWART, Appellee.

No. 7121.

Supreme Court of Arizona,

In Division.

March 20, 1963.

See also 89 Ariz. 41, 357 P.2d 623.

Perry & Perry by Allan K. Perry, Phoenix, for appellants.

Fennemore, Craig, Allen & McClennen by John J. O'Connor III, Phoenix, for appellee.

UDALL, Vice Chief Justice.

Appeal was taken from a summary judgment for plaintiff in an action on a promissory note. Suit was brought in Maricopa County Superior Court.

The promissory note was executed in the state of Colorado by Richard L. and Rebecca H. Sardou to Clyde H. and Caroline Harvey for the amount of $54,271.47. The Harveys were the original appellants on this appeal. (Subsequent to the bringing of this appeal Clyde H. Harvey died and Rufus C. Coulter, Jr., as ancillary administrator with the will annexed of the estate of Clyde H. Harvey, was substituted as an appellant in the place of Clyde H. Harvey.) September 10, 1956, at Colorado

Springs, Colorado, Clyde H. and Caroline Harvey transferred the note to W. O. Stewart, the appellee, by use of the following statement on the back of the note:

"September 10, 1956

"FOR VALUABLE CONSIDERATION, we hereby assign all of our right, title and interest in the within installment note to W. O. STEWART.

"/s/ Clyde H. Harvey

"/s/ Caroline Harvey"

Payments on the note became delinquent and a foreclosure proceeding in Colorado on certain security resulted in the reduction of principal to $43,499.36. Stewart then brought this action against the Sardous, the makers, who were not served and whose residence was alleged in the complaint to be unknown, and against the Harveys as endorsers of the note. The suit resulted in a summary judgment against the Harveys. From this the appeal is taken upon the following assignments of error:

"1. The complaint fails to state a claim upon which relief can be granted; and

"2. The motion for summary judgment and the supporting affidavits (considered with the appellants' controverting affidavit) are wholly insufficient to warrant the granting of the summary judgment here upon appeal."

■ The transfer of the instrument from the Harveys to the appellee occurred in Colorado. Therefore, the law of that state should govern the effect of the transaction. This court said in Ruby v. United Sugar Companies, 56 Ariz. 535, 109 P.2d 845 (1941) that a contract's "validity is determined by the rule lex loci contractus when it does not appear that the parties intended otherwise." The parties base their arguments upon Colorado Revised Statutes, § 95–1–38 (1953) which has not been applied to a situation similar to the one before us in any Colorado decision. The statute reads:

"A qualified [e]ndorsement constitutes the [e]ndorser a mere assignor of the title to the instrument. It may be made by adding to the [e]ndorser's signature the words *'without recourse'* or *any words of similar import.* Such an [e]ndorsement does not impair the negotiable character of the instrument." (Emphasis supplied.) [1]

■ In other jurisdictions where similar language is found in the statutes the courts have disagreed on whether the words "assign all our right, title and interest," the

1. A.R.S. 44–438 employs this identical language: "A qualified endorsement constitutes the endorser a mere assignor of the title to the instrument. It may be made by adding to the endorser's signature the words 'without recourse' or any words of similar import. Such an endorsement does not impair the negotiable character of the instrument."

words used in the transfer which we are called upon to consider, are words of "similar import" to the words "without recourse".[2] We are asked to take the difficult position of deciding what the Colorado courts would do if they were themselves confronted with this problem. However, in the absence of an interpretation of the statute by the Colorado courts we will adopt a construction we deem most reasonable. Mike v. Lian, 322 Pa. 353, 185 A. 775 (1936); Prudential Ins. Co. of America v. Ruby, 219 Ark. 729, 244 S.W.2d 491 (1951).

█ We are of the view that the language used to transfer the note in the case at bar is not language of limitation and the signers are merely general endorsers.[3] The principal reason for this position is found in the Uniform Negotiable Instruments Law § 63 which has the same wording as A.R.S. § 44–463 and Colorado Revised Statutes § 95–1–63 (1953). It reads:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an [e]ndorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

This section should be read in conjunction with Uniform Negotiable Instruments Law § 38, which is the same wording as A.R.S. § 44–438 and Colorado Revised Statutes § 95–1–38 (1953), supra. By doing so we conclude that words used in this transaction are not words of "similar import" to the words "without recourse" and do not convey clearly that the Harveys meant to be bound as mere assignors. The words "We assign all our right, title and interest" are not appropriate words that clearly indicate an intention by the signers to be bound in some other capacity than that of an endorser.

It was said in Prichard v. Strike, 66 Utah 394, 243 P. 114, 117, 44 A.L.R. 1348 (1926) where statutes identical to those we are considering were in force:

" * * * (W)e think that one [e]ndorsing a negotiable promissory note

---

2. Following is a list of cases in which language identical or similar to that which we are called upon to consider was found to be of no effect leaving the transfer as an unqualified endorsement:
McCullough v. Stepp, 91 Ga.App. 103, 85 S.E.2d 159 (1954); Prichard v. Strike, 66 Utah 394, 243 P. 114, 44 A.L.R. 1348 (1926); Copeland v. Burke, 59 Okl. 219, 158 P. 1162, L.R.A.1917A, 1165 (1916); Gale v. Mayhew, 161 Mich. 96, 125 N.W. 781, 29 L.R.A., N.S., 648 (1910); Markey v. Corey, 108 Mich. 184, 66 N.W. 493, 36 L.R.A. 117 (1895).

Holding to the contrary, deciding the language created qualified endorsements, are the following cases:
Title Insurance & Trust Co. v. Bandini Estate Co., 26 Cal.App.2d 157, 79 P. 2d 141 (1938); Mathes v. Bangs, 128 Cal.App. 171, 16 P.2d 749 (1932); Kane v. Eastman, 110 Cal.App. 753, 295 P. 63 (1931); Hammond Lumber Co. v. Kearsley, 36 Cal.App. 431, 172 P. 404 (1918); Divelbiss v. Burns, 161 Miss. 724, 138 So. 346 (1931).

3. See Britton on Bills and Notes, § 58, for an excellent discussion of this matter.

and desiring to disclaim the responsibility of an [e]ndorser must, by appropriate words, clearly indicate such an intention or an intention to be bound in some other capacity, and that he does not do so by language as here assigning and delivering all his right, title, and interest in the note *which is nothing more than what the law implies from a blank or general [e]ndorsement* without words creating the implication, and hence is but the expression of a clause which the law implies, and works nothing." (Emphasis supplied.)

See also McCullough v. Stepp, 91 Ga. App. 103, 85 S.E.2d 159, 160 (1954) where it was said:

"The words, 'I hereby transfer my right to this note over to W. E. McCullough,' are not words of similar import to 'without recourse.' "

Furthermore, the view we take more adequately insures the free circulation of negotiable paper. This is of vital importance to the commercial world and any language likely to hamper it must be strictly construed. Citizens' National Bank v. Walton, 96 Va. 435, 31 S.E. 890 (1898); Copeland v. Burke, 59 Okl. 219, 158 P. 1162, L.R.A. 1917A, 1165 (1916).

We conclude that appellee had a cause of action against the Harveys, and since no dispute over the facts existed the trial judge properly granted the motion for summary judgment. Sligh v. Watson, 69 Ariz. 373, 214 P.2d 123 (1950); Whitfield Transportation v. Tucson Warehouse & Transfer Co., 78 Ariz. 136, 276 P.2d 954 (1954). The appellants' arguments that the intent of the parties and contemporaneous circumstances surrounding the transaction should be considered on this appeal are without merit. As a matter of law the Harveys were mere endorsers and neither their intentions nor the contemporaneous circumstances could change it.

 Appellants do not assign as error violation of the rule that where the residence of certain defendants was not known some showing should be made that due diligence was exercised to ascertain their residence. But they do present in their arguments the proposition that the allegation in the complaint that the residence of the makers was "unknown" was insufficient. Since the matter was not assigned as error and was raised for the first time on appeal we will follow the rule that has been repeatedly recognized that such procedure constitutes a waiver of the defense and we are not free to consider it. Rhoton v. Woolford, 24 Ariz. 562, 211 P. 858 (1923); First National Bank of Albuquerque v. Standard Accident Insurance Co., 38 Ariz. 77, 297 P. 864 (1931); Massachusetts Bonding & Insurance Co. v. Lentz, 40 Ariz. 46, 9 P.2d 408 (1932). An exception to this rule is found when the

complaint fails utterly to show that any cause of action exists as against the defendants. McPherson v. Hattich, 10 Ariz. 104, 85 P. 731 (1906); Sturges v. Sturges, 46 Ariz. 331, 50 P.2d 886 (1935); Robles v. Preciado, 52 Ariz. 113, 79 P.2d 504 (1938). In the case at bar the plaintiff did have a valid cause of action.

Judgment affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.