MINNIE W. YATES v. JOSEPH B. BROWN AND WIFE, LOUISE W. BROWN
No. 6919SC33

(Filed 26 February 1969)

1. Bills and Notes § 9— endorsers
   Persons who sign their names on the back of a note are endorsers. G.S. 25-44.

2. Bills and Notes § 7— qualified endorsement
   To constitute a qualified endorsement it is necessary to add to the en-

dorsers' signature the words "without recourse" or words of similar import. G.S. 25-44.

**3. Bills and Notes § 9— language constituting unqualified endorsement**

An endorsement containing the words "this note is transferred and assigned to Y" constitutes an unqualified endorsement.

**4. Bills and Notes § 19— competency of parol evidence to qualify endorsement**

In an action by holder in due course to recover on a note, trial court properly refused to allow the defendant endorsers to introduce parol evidence of an alleged contemporaneous agreement which would tend to qualify their endorsement.

APPEAL by defendants from *Crissman, J.,* at the 9 July 1968 Session of RANDOLPH Superior Court.

Plaintiff filed her complaint 15 September 1965 alleging substantially as follows: That she was owner and holder in due course of a note in the amount of $2,050.00 signed by Harlan Ray Lutz and wife, Ada W. Lutz, dated 20 August 1963, and made payable to Joseph B. Brown and wife, Louise W. Brown. That she took the note before maturity, without notice of any defect or infirmity, for value, and in good faith. That the makers left the State about December 1964 and failed and refused to make payments thereafter; that notice was given and demand made to the defendants, as endorsers, but they have refused to make payment. That foreclosure of a second deed of trust securing the note failed to yield more than the cost of sale and that the first deed of trust was being foreclosed. The plaintiff then prayed for $2,050.00 and interest.

The defendants answered, denying that the plaintiff was a holder in due course and contending that the note referred to in the complaint was one of eleven notes, secured by eleven second deeds of trust, all transferred to the plaintiff by defendants for the lump sum of $12,010.00.

The defendants further alleged that the transfer was based on a written agreement that the defendants had received no payments and that there were no prior liens on the land, except for the first deed of trust in each case, and an oral agreement that there would be no further liability on the part of the defendants.

At the trial, plaintiff introduced the note upon which the suit was based, the note providing that "any default in the payment of principal or interest shall cause the whole amount to become immediately due and payable upon demand by the holder." The final due

date was 1 August 1970, with monthly payments to begin 1 September 1963. On the back of the note was the following:

"For valuable considerations, this note, together with the deed of trust securing it, is transferred and assigned to Minnie W. Yates.

This 18th day of October, 1963.

(Signed) Joseph B. Brown [SEAL]

(Signed) Louise W. Brown [SEAL]"

The defendants introduced the written assignment wherein the eleven notes and second deeds of trust were listed, following which the defendants warranted that there were no prior liens on any of the property, except the first deed of trust, and that no payments had been received personally by the defendants.

From judgment on the jury verdict for the plaintiff, the defendants appealed.

*Coltrane & Gavin by T. Worth Coltrane and H. Wade Yates for plaintiff appellee.*

*Ottway Burton for defendant appellants.*

BRITT, J.

Subsequent to the filing of the case in this court, defendants' counsel filed a motion to add to the record an order entered by Crissman, J., on 17 October 1968 extending the time for defendants to docket their record on appeal to and including 16 November 1968. The motion is allowed.

In passing upon the merits of the appeal, the first question we must decide is whether the endorsement on the note which is the subject of this action was qualified or unqualified. We hold that it was an unqualified endorsement.

[1, 2] In reaching this conclusion, we must consider the law of our State as it existed on 18 October 1963, the date of the endorsement. Defendants were endorsers of the note. G.S. 25-69. To have constituted a qualified endorsement, it was necessary to add to the endorsers' signatures the words "without recourse" or words of similar import. G.S. 25-44.

[3] In the case before us, the endorsement contained the following words: "This note * * * is transferred and assigned to Minnie W. Yates." In *Davidson v. Powell,* 114 N.C. 575, 19 S.E. 601, the

words "I assign over the within note" were used; the court held that the words used did not limit the endorser's liability, and in the opinion we find the following: "When assigned or transferred by endorsement he becomes simply an endorser unless, by the terms of the assignment, his liability is limited. When, as in this case, he uses the words, 'I assign over the within note to S. M. Powell,' and S. M. Powell endorses, 'for value received I assign over the within note to G. A. Davidson,' there is no restriction upon their liability."

Our conclusion is also supported by decisions from other states. In *McCullough v. Stepp*, 91 Ga. App. 103, 85 S.E. 2d 159, the words "I hereby transfer my right to this note to W. E. McCullough" were used. The Georgia court held this to be an unqualified endorsement. In *Maine Trust & Banking Co. v. Butler*, 45 Minn. 506, 48 N.W. 333, the following words were used: "For value received, I hereby assign and transfer the within note, together with all interest in and all rights under the mortgage securing the same, to L. D. Cooke." The Minnesota court held this endorsement to be unqualified. See also *Jones County Trust & Savings Bank v. Kurt*, 192 Iowa 965, 182 N.W. 409; and 11 Am. Jur. 2d, Bills and Notes, § 363, p. 386.

[4]    The next question for our consideration is whether the trial court erred in refusing to permit defendants to introduce parol evidence of an alleged agreement which would tend to qualify the endorsement. We hold that the court did not err in rejecting the proffered testimony. In *Bank v. Dardine*, 207 N.C. 509, 177 S.E. 635, it was held that evidence of a parol contemporaneous agreement that a person signing a note should not be obligated thereon in any way is incompetent, even as against the payee, the parol evidence being in contradiction of the written instrument. Of like effect were the holdings of our Supreme Court in *Kindler v. Trust Co.*, 204 N.C. 198, 167 S.E. 811, and *Bank v. Moore*, 138 N.C. 529, 51 S.E. 79.

We have carefully reviewed each of defendants' assignments of error but finding them without merit, they are overruled.

No error.

MALLARD, C.J., and PARKER, J., concur.